FREDERICK B. DE BERARD, Appellant, *v.* FRANCIS P. PRIAL and THE CHRONICLE & OUTFITTER COMPANY, Defendants, Impleaded with CLUOAS PUBLISHING COMPANY and Others, Respondents.

*Dismissal for a failure to prosecute — the judgment determines the right to an injunction* pendente lite *— action on the undertaking — reference to compute damages thereunder.*

A judgment entered upon a dismissal of an action for a failure to prosecute it, in which action an injunction *pendente lite* has been granted to the plaintiff, determines that the plaintiff was not originally entitled to the injunction.

*It seems,* that on an application by the defendants for a reference to compute the damages sustained by them under the undertaking on which the injunction

was granted, the plaintiff's affidavit in opposition to the motion, stating the reasons why he submitted to the dismissal of the action, is not competent to limit the effect of the judgment.

Appeal by the plaintiff, Frederick B. De Berard, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of May, 1898, appointing a referee to assess the damages sustained by the defendants upon the undertaking on an injunction issued herein.

*Eugene Frayer*, for the appellant.

*John H. Parsons*, for the respondents, Clucas Publishing Company and others.

Barrett, J. :

The complaint here was dismissed for failure to prosecute. Upon that dismissal final judgment was entered. The defendants thereupon moved for a reference to assess the damages which they claim to have sustained by reason of an injunction granted to the plaintiff at the commencement of the action. The plaintiff insisted below, and insists here, that the judgment does not determine that he was not originally entitled to the injunction, and consequently that there has been no breach of the undertaking given thereupon. In this he is in error. The authorities are all one way upon the question. (*Pacific Mail S. S. Co.* v. *Toel*, 85 N. Y. 646 ; *The Apollinaris Co.* v. *Venable*, 136 id. 46 ; *Manufacturers & Traders' Bank* v. *Dare Co.*, 67 Hun, 49; *Manning* v. *Cassidy*, 80 id. 127.) The following language of Judge Andrews in the *Apollinaris* case is directly in point : "It would seem   *   *   *   that if the case was dismissed upon the application of the defendants for want of prosecution, the inference should be indulged that no right to an injunction existed when it was issued, and the dismissal should be treated as an adjudication against the right."

The plaintiff says that he permitted his complaint to be dismissed, because, owing to facts occurring after he obtained the injunction, the defendants became authorized to do what the injunction enjoined them from doing. They were enjoined from doing certain acts without a two-thirds affirmative vote of the stockholders of the

company. Subsequently they secured this two-thirds vote, and thereafter consummated the acts. They were entitled, however, to proceed with the action, and, if right in their primary position, to secure a determination adverse to the plaintiff's original claim. Otherwise, though improperly enjoined, they could never obtain redress upon the undertaking. The original issue remained for determination, notwithstanding the consummation, under later and unquestioned authority, of the acts enjoined.

It may be added that the supplemental facts referred to do not appear of record. They are shown only by the plaintiff's affidavit in opposition to the motion for a reference, and they simply amount to a statement of his reasons for submitting to the dismissal; in other words, a statement of what was in his mind when he thus permitted the action to be determined against him. All that appears of record is the final judgment in the action dismissing his complaint, with costs. By that judgment the court must be deemed to have finally decided that the plaintiff was not originally entitled to the injunction, and, accordingly, the defendants were authorized to proceed upon the undertaking.

The order should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.