## MADISON v. BROWER.

(Supreme Court, Appellate Division, First Department. March 20, 1903.)

1. TEMPORARY INJUNCTION — DISMISSAL OF ACTION — DEFENDANT'S COSTS — RECOVERY.

In an action for the recovery of certain bonds, a temporary injunction was granted, to be continued on condition plaintiff paid over a certain sum to defendant within a specified time. Plaintiff did not make the payment within the time, but did so subsequently, and the bonds were turned over to him. Plaintiff moved to discontinue, but failed to pay the taxable costs as ordered. The case was then discontinued, on defendant's motion, for lack of prosecution. *Held*, that defendant was entitled to recover expenses incurred in getting rid of the injunction, as the judgment of dismissal was a final determination that plaintiff was not entitled thereto.

Appeal from Special Term, New York County.

Action by Winfield S. Madison against Charles De Hart Brower. From an order denying a motion for an assessment of damages sustained by reason of the granting of a temporary injunction, defendant appeals. Reversed.

See 76 N. Y. Supp. 1019.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles De Hart Brower, for appellant.
Henry B. Twombly, for respondent.

McLAUGHLIN, J. As collateral security for the payment of a loan, the plaintiff delivered to the defendant certain bonds, which he refused to return after the amount of the loan and interest thereon had been offered to him. Thereupon the plaintiff brought this action to obtain possession of the bonds, and procured a temporary injunction pending the return of an order to show cause why the same should not be continued during the pendency of the action. Upon the return of the order to show cause, the injunction was continued on condition that within five days the plaintiff pay to the defendant $500, with interest, and that, if he failed to make such payment within that time, then the motion should be denied and the injunction vacated. Such payment was not made within the time provided, but, instead, the plaintiff appealed from the order, and the same was affirmed. Thereafter the plaintiff paid to the defendant a specified sum, and received the bonds in question. Subsequent to the plaintiff's receiving the bonds, the case appeared upon the calendar for trial, when a motion was made by the plaintiff to discontinue the same, which was granted upon the payment of the taxable costs, which the plaintiff neglected and refused to pay, and thereafter defendant moved to discontinue the action for lack of prosecution. The motion was granted, and then defendant moved for an order to ascertain the damages sustained by reason of the granting of the injunction. The motion was denied, and it is from this order that the present appeal is taken.

The judgment dismissing the complaint was a final determination that the plaintiff was not entitled to the injunction. De Berard v. Prial, 34 App. Div. 502, 54 N. Y. Supp. 534. And therefore the defendant is entitled to recover whatever disbursements were reasonably made by him in getting rid of it. Hovey v. Rubber Tip Pencil Co., 50 N. Y. 335; Rose v. Post, 56 N. Y. 603. This would include even the expense of a trial; if that were necessary. Tyng v. American Surety Co., 69 App. Div. 137, 74 N. Y. Supp. 502. Here a trial does not seem to have been necessary, inasmuch as the efforts of the defendant in opposing the motion to continue the injunction during the pendency of the action were made successful by the plaintiff's failure to make the payment provided in that order. The motion was for an order directing a reference to ascertain what the expenses were. The undertaking given provided that the expenses might be determined in this way, and we think a reference was therefore proper for that purpose.

It is sought to sustain the order upon the ground that the defendant did not incur any damage in getting rid of the injunction. Whether this be so, or not, can only be determined upon an investigation; but whatever expenses, if any, were reasonably incurred by him, either in opposing the continuance of the injunction, or in sustaining the order then made, from which an appeal was taken, he is entitled to recover.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.