Arthur Markewích, J.
In a minority stockholder’s suit heretofore instituted in which the plaintiffs and the individual defendants were then defendants, two stays were issued, each to be effective upon the filing of a bond. The present action is brought upon these bonds, written by the corporate defendant, for recovery of damages. Motion No. 7 (Calendar No. 1980) of June 10, 1957, is by the corporate defendant for summary judgment dismissing the complaint. Motion No. 8 (Calendar No. 2116) is by the corporate defendant for summary judgment dismissing the cross complaint of the individual defendants and for judgment in favor of the movant. Motion No. 9 (Calendar No. 2160) is by the individual defendants for summary judgment striking out the answer of the corporate defendant and for judgment against it in favor of the individual defendants. Motion No. 17 (Calendar No. 2199) is by plaintiffs for summary judgment against the corporate defendant.
The facts cited with respect to the consent of the directors to the contracts in dispute and the giving of the notice of a meeting *610 of stockholders, all occurring prior to the direction by the Appellate Division that the bond be furnished, constitute no more than a reargument of the matter as it was before the Appellate Division at the time that it determined that the contracts were void prior to their legal validation (Gottfried v. Gottfried Baking Co., 1 A D 2d 994). If a right existed to secure a stay with respect to the void contracts, the objectives which motivated the exercise of such right are immaterial. The course which was here pursued did not deter the Appellate Division from finding flatly that the contracts were originally void. Indeed, it did not hesitate to state that action without proper authorization subjects corporate officers and directors to liability for damage resulting to the corporation and, further, that the resolutions later adopted did not ratify or validate the previously made void contracts. The various statements of the Appellate Division add up to a determination that a right did exist to secure an adjudication that the contracts were void, with the usual consequences. Thus, an opinion was given as to that part of the action here involved and as to plaintiffs ’ right to a stay (Palmer v. Foley, 71 N. Y. 106). Certainly it has not been found that at the time when the stays issued no right to their issuance existed. De Berard v. Prial (34 App. Div. 502) cited to the contrary, is limited by an additional fact there appearing: the plaintiffs there complained similarly of void contracts, but, after appropriate approval at a stockholders’ meeting, elected to discontinue the action without giving to the defendants their right to seek a determination that such stockholders’ approval was not necessary. In the underlying action here, we have the Appellate Division’s view.
Cursory examination would appear to indicate a difference between the two bonds here involved, one of them, when it expired by virtue of expiration of the original stay it covered, having been renewed by an indorsement placed thereon by the bonding company. The renewal indorsement was made after properly adopted corporate resolutions had been passed, validating for the future action theretofore set on foot, but invalidly by the majority stockholder group (there defendants, here plaintiffs). There was, however, but one continuing stay, so that the notation was referable thereto and there is no difference for the purposes hereof between the two bonds.
Disposition of the four motions is made as follows: those by the corporate defendant (Nos. 1980 and 2116) are granted; the others (Nos. 2160 and 2199) denied. Settle order; if desired, this may be done separately as to separate motions.