GEORGE W. BAUMHOFF and FREDERICK HERKERT, SR. (Plaintiffs), Respondents, v. JOHN GRUENINGER, JR., Sheriff of St. Louis County, CHARLES SCHIBI, WM. RUPPRECHT, E. J. PAULE, WM. HEIL and WM. MILLER (Defendants), CHARLES SCHIBI, Appellant.

St. Louis Court of Appeals. Opinion Filed November 4, 1919.

1. **INJUNCTIONS: Bonds: Injunction Bond Continued in Force Pending Appeal: Liability on Bond: Damages.** In a proceeding to assess damages on a temporary injunction bond after dissolution,

where it appears that the court had made its order continuing in force the restraining order originally entered, pending an appeal; the giving of such bond being governed by section 2522, Revised Statutes 1909, which provides that the plaintiff shall pay all sums of money, damages and costs, if the injunction be dissolved, and the bond containing like provisions, defendant was entitled to have assessed as damages by way of attorneys' fees, interest and costs from the time of the granting of the restraining order until its final dissolution.

2. ———: ———: ———: **Failure to Require Other Bond: Liability on Bond Given.** Even though defendant failed to require plaintiffs. to give another injunction bond at the time of making the order continuing the restraining order in force, the bond given at the time the temporary restraining order was granted having continued in force. defendant was entitled to damages suffered by him on account of such restraining order being continued in force, and the bond given became liable therefor.

Appeal from the Circuit Court of St. Louis County.— *Hon Gustavus A. Wurdeman*, Judge.

REVERSED AND REMANDED (*with directions*).

*Theodore C. Bruere* and *C. W. Wilson* for appellant.

(1) The trial court erred in refusing to allow appellant Schibi interest at six per cent on the amount enjoined in the Sheriff's hands, from the date of the restraining order, October 18, 1911, to the date of the dissolution of the injunction on July 23, 1915, a period of three years, nine months and five days. For manifestly Mr. Schibi was, by the injunction, deprived of the use of his money for that length of time. He was entitled to his money on the day the restraining order was granted. By that order it was held in the Sheriff's hands until the injunction was dissolved. It was but simple justice to allow Mr. Schibi legal interest on his money during the period he was deprived of the same by the restraining order. In such case it is taken as a matter of course, he shall have his "legal interest and costs." R. S. 1909, sec. 2524; Railway Co. v.

22—Mo. App.

Schneider, 30 Mo. App. 620, 624, 625. (2) The authority of the circuit court to continue the restraining order in force pending the appeal is beyond question. State ex rel. v. Dearing, 180 Mo. 53, 68, 69; Comm. Co. v. Spencer, 236 Mo. 608, 628. (3) In the case at bar the only persons affected by the restraining order were the Sheriff, Grueninger, and the defendant and appellant Charles Schibi. This being true, Grueninger and Schibi were the only obligees necessary to make the move for the assessment of damages. It was not necessary for Rupprecht, Heil and other defendants to be made parties to the motion. Commission Co. v. Spencer, 236 Mo. 608, 642 to 645; Commission Co. v. Milliken, 183 Mo. App. 668 to 676. (4) The fact that no formal motion to dissolve the injunction was filed in the case in nowise affects appellant Schibi's right to have attorney's fees assessed. For where it would be necessary to pass upon the merits of the case in a motion to dissolve, defendant is entitled to his assessment of damages after dissolution of injunction at the trial of the merits. Loehner v. Hill, 19 Mo. App. 144, 145; Brownlee v. Fenwick, 103 Mo. 430, 431, 432; R. S. 1909, sec. 2524; Hammerslough v. Sav. Assn., 79 Mo. 86.

*Lee A. Hall* and *Lehmann & Lehmann* for respondent.

(1) (a) In the absence of a bond covering damages for the wrongful obtension of an injunction, there are no damages. The City of St. Louis v. St. Louis Gas Lt. Co., 82 Mo. 49, 354. (b) The surety in an injunction bond is liable only according to the strict terms of his undertaking. Ovington v. Smith, 78 Ill. 250; Hall v. Williamson, 9 Ohio St. 17. (c) The extent of the liability of the surety on an injunction bond is measured by the liability of the principal. Dorris v. Carter, 67 Mo. 544; Brooshier v. Smith, 112 Mo. App. 687. (d) A bond given on the obtension of a temporary restraining order, is not continued in force as to damages which

accrue by reason of wrongfully continuing the injunc-
tion in force on appeal, by means of an appeal bond.
16 Am. & Eng. Ency. of Law (2 Ed.), page 452; Neiser
v. Thomas, 46 Mo. App. 47; State ex rel. v. Smith, 188
Mo. 167; Rees v. Peltzer, 1 Ill. App. 315; Gerard v.
Gateau, 15 Ill. App.. 520. (2) Nothing will be allowed
as damages on the injunction bond which is not the
actual, natural and proximate result of the wrong
committed, for the period covered by the bond. Commis-
sion Co. v. Spencer, 236 Mo. 608, 630; Trust Co. v.
Stewart, 115 Mo. 236, 243.

NIPPER, C.—This suit is founded upon a motion
to assess damages on an injunction bond, upon the
dissolution of an injunction.

On the eighteenth of October, 1911, the respondents
herein, filed in the Circuit Court of St. Louis County,
a bill in equity, asking among other things, that a
temporary restraining order be issued, enjoining and
restraining John Grueninger, Jr., Sheriff, from paying
any part of a sum of money amounting to $10,000, with
interest thereon, to Charles Schibi, his agents, attorneys
or assigns. Grueninger, as sheriff, had received this
money in satisfaction of a judgment which said Schibi
had obtained against the Monte Sano & Southern Rail-
way Company. On the above named date, the Circuit
Court of St. Louis County granted a temporary injunc-
tion and issued its restraining order, restraining and
enjoining the defendant, Grueninger, as Sheriff of
St. Louis County, from paying any part of said sum and
interest to Charles Schibi, his agents, attorneys or as-
signs, upon plaintiffs (respondents herein), giving bond
in the sum of $2,000, which said bond, signed by G. W.
Baumhoff, F. Herkert, Sr. and M. B. Greensfelder, was
on the same day, filed and approved by the court. On
the eighth day of January, 1912, the appellant herein,
filed a demurrer to this petition. Thereafter, on May
15, 1912, and at the May term of said circuit court, the
court entered judgment, sustaining the demurrer of

Schibi; and plaintiffs (respondents herein), were granted ten days to plead. At the end of the ten days, the plaintiffs neglected to plead further, and on May 27, 1912, the court entered judgment against the plaintiffs, dismissing their petition, and as a concluding part of said order, made the following entry:

"And it is further ordered by the court, that the restraining order heretofore entered herein, on the eighteenth day of October, 1911, be continued in force, pending an appeal herein." On the twenty-seventh of May, 1912, the plaintiffs (respondents herein), filed their appeal bonds and affidavit for an appeal, and perfected their appeal to the Supreme Court. On June 1, 1915, the Supreme Court entered its judgment, sustaining the action of the lower court in its ruling on the demurrer. [Baumhoff et al. v. Grueninger et al., 178 S. W. 102.] The mandate of the Supreme Court was filed in the Circuit Court of St. Louis County, on the twentieth of July, 1915, and at the regular May Term, and on July 23rd of the same year, and during the same term, the circuit court entered its order, dismissing plaintiff's bill and dissolving the temporary injunction. Charles Schibi filed his motion to assess damages on the same date, and the court made an order, dissolving the temporary injunction, as above stated, and afterward, the court, sitting as a jury, a jury having been waived by both parties, after hearing the evidence, rendered judgment for the said Charles Schibi on the injunction bond, and awarded him damages by allowing him interest between October 18, 1911, and May 27, 1912, at six percent per annum, less two percent, amounting to $265.50, received heretofore; and for $300 attorney's fees, the amount for attorney's fees being the amount incurred by Charles Schibi, from the date of the issuing of the restraining order until the granting of the appeal. From this action of the trial court, Charles Schibi, in due time perfected his appeal to this court.

The appellant contends in this case, that he is entitled to judgment for interest on his money, from the

date of issuing the injunction and restraining order, on October 18, 1911, to the 23rd of July, 1915, in a sum however, not to exceed the penalty of the injunction bond, to-wit: $2,000, as well as attorney's fees and printer's bill. At the close of all the evidence on the motion to assess damages, and at the request of plaintiffs, the court gave the following declarations of law:

"The court declares as a matter of law that on the record herein the $2,000 injunction bond given by plaintiffs on the filing of the suit and issuance of the restraining order only covered damages until the further order of this court, and that this court having made such further order when it entered judgment for defendants and dismissed plaintiff's petition herein, the damages to be assessed under said $2,000 bond are the damages which accrued from the date of the issuance of such restraining order until the granting of the appeal herein.

"The court declares the law to be that after the entry of the judgment for defendants and dismissing plaintiff's petition on the granting of the appeal herein and order continuing the restraining order in force, pending appeal, it was the right of defendant Schibi to require that plaintiffs give a proper injunction bond to cover the damages which he might suffer, pending the appeal; and that having failed to do so, he is without a claim in this proceeding for any damages suffered by him by reason of the restraining order pending said appeal."

Other facts necessary to a proper determination of this case will be referred to, to such an extent as may be necessary in this opinion. The principal error, however, complained of by the appellant herein, is that the court erred in not allowing him as his damages, interest on the $10,000 enjoined by the issuance of the temporary injunction, from the eighteenth day of October, 1911, up to the time of the final dissolution of the injunction, to-wit: the 23rd day of July, 1915, and we shall determine:

1.   Was such action of the court error?

It will be noted from the evidence in this case, that at the time the trial court entered its judgment dismissing plaintiff's petition, .viz.:   the twenty-seventh of May, 1912, it also ordered that the restraining order be continued in force pending the appeal to the Supreme Court.   Both appellant and respondents seem to rely upon the case of Commission Company v. Spencer, 236 Mo. 608, 139 S. W. 321.   It was held in that case that damages could not be assessed on an injunction bond under the facts existing in that particular case, for expenses incurred, pending an appeal, "unless the trial chancellor ordered the continuance of the . injunction pending the appeal, on terms fixed as the price of such order."   The facts in this case are entirely different from the facts in that one.   In this case the court did make its order continuing the restraining order in force pending the appeal, and it is not questioned by the respondents herein, that it had the right to do so; in fact it was done at respondents' suggestion.

The appellant, Schibi, was without the use of his money from the date of the granting of the temporary injunction, until the. date of the final dissolution of the injunction, not because an appeal was taken and an appeal bond given, but because the temporary restraining order was continued in force.   The giving of an injunction bond is governed by our statutes (section 2522, Revised Statutes 1909), which provides that the plaintiff shall pay all sums of money, damages and costs, "if the injunction shall be dissolved," and the bond given in this case provides as follows:

"Now, if the said George W. Baumhoff and Frederick Herkert, Sr., shall pay all damages that may be occasioned by said restraining order or injunction, and abide the decision which shall be made therein, and pay all sums of money, damages and costs that shall be adjudged against them if the injunction or restraining order be dissolved, then the obligation to be void, otherwise to be and remain in full force and virtue."

It is earnestly contended by respondent, that this bond was given only to secure the damages until a further order of the court, after the order granting the temporary injunction, but it is not so written in the bond. The bond as given, bound the plaintiffs in that case to pay all damages and costs that shall be adjudged against them, if the injunction or restraining order be dissolved. The restraining order in this case was never in reality dissolved until the twenty-third day of July, 1915.

Judge LAMM, in speaking for the court in Commission Company v. Spencer, supra, as to what would have been done in that case had the court made an order continuing the restraining order in force pending the appeal, uses the following language, l. c. 628, 629:

"Obviously if it had made the order the question of allowing attorneys' fees for service in this court on that appeal would have assumed another phase and presented a question easy of determination. In such case those services would have been necessary to get rid of a live injunction."

It may be said in this case, that if the trial court had failed to make an order continuing the injunction in force pending the appeal, we would have been confronted with a state of facts similar to those which were before the court in that case. In this case, defendant Schibi's attorney's fees for services rendered in having the injunction dissolved, from the time of granting the restraining order until its final dissolution, as well as interest, should be taken into account, for while the case was pending in the Supreme Court, the temporary restraining order was still in force. The taking of the appeal and the giving of the appeal bond did not act as a *supersedeas*, but the continuing of the restraining order in force did. Therefore, we think the learned trial judge erred in holding that the appellant, Schibi, was entitled to damages by way of attorney's fees, interest and costs, only from the date of issuing the restraining order, to the date of the judgment on the

demurrer. [Commission Company v. Spencer, 236 Mo. 608; State ex rel. v. Dearing, 180 Mo. 53, 79 S. W. 454; High on Inj. (4 Ed.), sec. 1663; Buford v. Packet Company, 3 Mo. App. 159.] It is contended by respondents that appellant, having failed to require them to give a proper injunction bond at the time of making the order continuing the restraining order in force, is not entitled to any damages suffered by him on account of said restraining order being continued in force. The bond given at the time the temporary restraining order was granted, was continued in force so long as the temporary order was in force. [Commission Company v. Spencer, l. c. 628, 629; R. S. 1909, sec. 2522.] Therefore, the Commissioner recommends that the judgment *nisi* should be reversed and the cause remanded, with directions to the trial court to ascertain and enter judgment by way of damages for appellant, Schibi, for interest on his money, from the eighteenth day of October, 1911, the date on which the temporary restraining order was issued, to the twenty-third day of July, 1915, the date of the dissolution of said injunction, less the amount already paid, together with attorney's fees and expenses, the total sum not to exceed the penalty of the injunction bond.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded, with directions to the trial court to enter judgment in accordance with the recommendation of the Commissioner. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.