# RICHARDSON LUBRICATING CO., Appellant, v. R. K. BEDELL, Respondent.

### Kansas City Court of Appeals. December 5, 1921.

1. **Injunctions: Damages: Counsel Fees Recoverable on Injunction Bond as Damages Incident to Restraint Occasioned by Issuance of Injunction.** Counsel fees incurred in procuring the dissolution of an injunction improperly or wrongfully issued are recoverable on an injunction bond as part of the damages incident to the restraint imposed, if occasioned by reason of issuance of injunction, but where injunction is merely ancillary to the principal relief sought by the bill, and its dissolution is only incidental to the defense made, and the counsel fees are incurred in defending suit generally, they cannot be assessed as damages.

2. ———: ———: **Attorneys Fees Should be Assessed on Bond, Whether Trial was Held on Motion to Dissolve or on Answer, as it Was Necessary to go Into the Whole Case Before Dissolution Could be Had.** Where the object of the suit was to enjoin enforcement of libel judgment and to annul same, attorney's fees should be assessed as damages on the bond, and whether trial was had on a motion to dissolve, or on the answer, made no difference for in either event the whole case would have had to be gone into before injunction could be gotten rid of.

3. ———: ———: **Judgment Creditor Entitled to Recover Attorneys Fees on Bond as Damages Incident to Restraint Imposed by Injunction.** Where attorneys had been employed on a contingent basis to prosecute suit for damages against a corporation for libel and obtained a judgment, the judgment creditor's contract with his attorneys in the libel suit did not cover the contingency of some other entity attacking the validity of the judgment after it was obtained and had become final, and he was entitled to recover on the injunction bond, as damages incident to the restraint imposed, fees paid such attorneys in protecting the judgment in an injunction suit brought by another corporation to restrain enforcement of the judgment though the attorneys were also protecting their own interest in the judgment under their contingent contract.

4. ———: ———: **Where Defendant had Legally Obligated Himself to Pay Attorneys Fees he Was Entitled to Recover Same as Dam-**

ages on an Injunction Bond, Though He Had Not Actually Paid the Same. Actual payment by defendant of attorney's fees in injunction suit is not absolutely essential to a recovery thereof as damages on injunction bond; it being sufficient if there is a legal liability to pay them.

5. **APPEAL AND ERROR:** No Allowance of Attorney's Fees as Damages on Injunction Bond Can be Made in Trial Court for Services on Appeal, and in the Absence of Anything Showing Trial Court Included Improper Damages, the Presumption is That Such Damages Were Not Included in the Allowance. In a proceeding upon an injunction bond for the assessment of damages, where no claim was made that an allowance of attorney's fees were excessive or unreasonable and there was evidence to support the allowance for services rendered in the circuit court, the record not showing that an allowance was made for services to be rendered on appeal in the injunction suit, it will be presumed on appeal, in the absence of anything to indicate the contrary, that the trial court did not include fees for services on appeal, which were not properly allowable, though there was some evidence as to the value of attorney's services to be rendered on appeal.

Appeal from the Circuit Court of Chariton County.— *Hon. Arch B. Davis,* Special Judge.

·AFFIRMED.

*Roy McKittrick* and *J. A. Collet* for appellant. ᾿

*U. ·A. House, O. F. Libby* and *John D. Taylor* for respondent.

TRIMBLE, P. J.—This is an appeal from a judgment assessing damages on an injunction bond. The damages assessed consisted of $75 expenses and $425 attorney's fees incurred in procuring the dissolution of the injunction.

To properly understand the points raised, it is necessary to recount certain former litigation had between the parties hereto.

In February, 1918, R. K. Bedell recovered judgment for libel in the sum of $3000 against the Richardson Lub-

ricating Company, a *Missouri* corporation. Upon the issuance of an execution thereon the defendant in that case moved to quash, but the motion was overruled, and thereupon said defendant brought the matter to this court on a writ of error, where the judgment of the trial court disposing of the motion was affirmed. [See Bedell v. Richardson Lubricating Company, 211 S. W. 104.]

In seems that the defendant in that case, had turned all its assets over to an *Illinois* corporation of the same name, or at least the said defendant Missouri corporation had no assets in Missouri. The plaintiff in that case thereupon, in order to avail himself of the benefit of said judgment, brought suit against the *Missouri* corporation and its sureties on the *supersedeas* bond given in support of the writ of error.

Thereafter, the Richardson Lubricating Company, the *Illinois* corporation, brought suit, on the ground of fraud, to perpetually restrain Bedell from enforcing said judgment, either by issuing an execution thereon or by suing on the bond as above set out, and to annul said judgment. In said suit an injunction bond was given, said bond being the one under which were assessed the damages now in controversy.

These two suits, the one by Bedell on the *supersedeas* bond, and the one thereafter brought by the Richardson Lubricating Company, the Illinois corporation, to enjoin the enforcement of said judgment, will hereinafter be respectivly termed the suit on the bond and the injunction suit.

It seems that both came to trial on the same day, and respondent says both were on trial. At the close of the evidence in the injunction suit, an agreement was entered into, and dictated into the record, that the evidence taken in the injunction suit could be used as evidence in the suit on the bond; and thereafter, in addition to the evidence already in, defendant says such additional evidence was offered as was peculiarly applicable

to the suit on the bond. The two suits were tried before the court, the injunction suit being an action in equity, and no jury being required in the suit on the bond.

In the *Illinois* corporation's case of Richardson Lubricating Company v. Bedell, being the injunction suit, the chancellor rendered a decree in favor of Bedell, and the injunction bond was dissolved; whereupon Bedell filed a motion to assess damages on said bond. In case of Bedell v. Richardson Lubricating Company (the *Missouri* corporation), and its sureties on the *supersedeas* bond, the court rendered judgment against said sureties and in favor of Bedell. An appeal was duly taken by the losing parties in each case; and these appeals were separately docketed in this court, but, on the submission of the cases, it was agreed that they could be consolidated and submitted together. [See Bedell v. Richardson Lubricating Company et al., No. 13744, and Richardson Lubricating Company v. Bedell, No. 13745, reported in 226 S. W. 653, 655, wherein both judgments were affirmed.]

Upon the affirmance of the judgment in the injunction suit wherein the injunction bond was dissolved, Bedell asked for an assessment of damages thereon under his motion for that purpose theretofore filed. It is the judgment assessing damages on said bond that is the subject-matter of the present appeal, as stated at the outset of this opinion.

In the original or first suit, the one wherein Bedell obtained judgment against the Missouri corporation for libel, his attorneys had the case upon a contingent fee, they to have one half of the judgment, or amount recovered, if the suit was won and nothing if they lost. Appellant (who, in the case at bar, is the Illinois corporation), contends that no attorney's fees can be allowed as damages on the bond in the injunction suit because the attorneys were equally interestd with Bedell in maintaining the judgmnt and were, therefore, work-

ing for themselves.    Appellant further contends that
the injunction was a mere ancillary matter in aid of the
main object sought, and that the efforts of the attorneys
were directed to the defending of the merits of the ac-
tion, or, in other words, the defeating of the main object
sought, and the injunction was dissolved because the
attack on the libel judgment was not sustained, and the
dissolution of the injunction followed as an inevitable
incident to the failure of such attack, and that, there-
fore, no attorney fees can be assessed as part of the
damages accruing by reason of the injunction bond.

With reference to this second or last-mentioned con-
tention of appellant, it should be stated that the injunc-
tion suit was tried upon the defendant's answer, and not
upon a motion to dissolve the injunction.    The answer,
however, asked that the injunction be dissolved.    The
question of whether attorney's fees are properly allow-
able in assessing damages on an injunction bond, is
sometimes a difficult one, the difficulty arising in the ap-
plication of the law to the peculiar facts of each case.
The rule, according to the greater weight of authority,
is that ''Counsel fees incurred in procuring the dis-
solution of an injunction improperly or wrongfully is-
sued are recoverable as part of the damages incident to
the restraint imposed, if it appears that this expense
was occasioned by reason of the issuance of the injunc-
tion.''    [14 R. C. L. 486.]    But ''where the injunction
is merely ancillary to the principal relief sought by the
bill, and its dissolution is only incidental to the defense
made, and the counsel fees are incurred in defending
the suit generally, they cannot be assessed as damages.''
[14 R. C. L. 487.]

It would seem that if the main object of the suit was
one thing and the issuance of the injunction was an en-
tirely different thing or purely ancillary (for instance,
to preserve, or to prevent the possibilities of losing, the
benefit of the judgmnt sought in the injunction suit,
should one be obtained), then no attorney fees should

be assessed as damages on the injunction bond except
perhaps such as could be said to be confined wholly to
procuring a dissolution of the bond. But that is not the
situation at the case at bar. Here the object of the suit
is to enjoin and restrain Bedell from enforcing his libel
judgment and to annul the same; and a dissolution of
the injunction involved a defense of the whole case.
Whether the trial was had on a motion to dissolve, or
on the answer, made no difference. In either event the
whole case would have had to be gone into before the
injunction could be gotten rid of. In Hammerslough v.
Kansas City, etc., Ass'n., 79 Mo. 80, the suit was an in-
junction "the immediate object of which was to restrain
a trustee from fore-closing a deed of trust" and also to
establish that there was only a certain balance due on
the deed of trust, which amount had been tendered. The
plaintiff in that case failed and the injunction was dis-
solved. Attorney fees were allowed as a part of the
damages assessed, and complaint of this was made on ap-
peal. The court said: "It is true that these services
were assessed as covering the whole case, and not in
form as confined to a motion to dissolve. But a trial of
the motion to dissolve must have brought up all the ma-
terial issues of the case and rendered it necessary to
dispose of the whole case on the motion."

In Holloway v. Holloway, 103 Mo. 274, 285, the case
was a suit to set aside two deeds and a deed of trust on
the ground that they were in fraud of creditors, and in a
second count the sale of the land was enjoined. Attor-
ney fees of $350 were allowed as damages on the as-
sessment thereof on the bond, and the appellant's com-
plaint was that the fees allowed were for "trial of the
whole case." The Supreme Court said: "Cases may
arise when it will be proper to distinguish between fees
for defending the principal case and fees for dissolving
the injunction, but the rule has no just application to
this case. The plaintiff's second cause of action is noth-
ing more than a part of the first, and the two should

have been included in one. A dissolution of the injunction *involved a trial of the whole case* and the allowance was proper under the ruling in Hammerslough v. Building Ass'n., 79 Mo. 81." (Italics ours).

In brownlee v. Fenwick, 103 Mo. 420, 430, the suit was to enjoin and restrain the defendant from proceeding in an action of forcible detainer and to vest the title to the land in the plaintiff. No motion to dissolve, aside from the answer, was filed. The injunction was dissolved, the court assessed attorney's fees, and this was complained of on the ground that no motion to dissolve the injunction was made and the principal purpose of the action was to adjudicate the question of title. The Supreme Court said: "It seems that in some of the States, notably in Iowa and Ohio, counsel fees cannot be allowed, as damages, unless some action be taken in regard to the dissolution of the injunction, separate and apart from the defense on the merits, but this rule does not obtain in Missouri. Counsel fees are not allowable in this State as damages on the dissolution of the injunction and that without regard to whether the injunction is the sole relief sought or only auxiliary to the principal object of the action, and without regard to whether a motion to dissolve is formally made or not." After further discussing the case the court quotes from the Hammerslough case above cited and says the language quoted is "precisely in point" and then adds: "The injunction had to fall or stand by the finding and judgment in regard to his (plaintiff's) title to the land. *It would have been necessary to dispose of the whole case on the motion to dissolve if one had been filed.*" (Italics ours).

So likewise in the case at bar the question of whether the injunction should be dissolved or not depended on a solution of the whole case, and the injunction bond could not be gotten rid of without a defense of the injunction suit. It is no doubt the general rule that "the damages to be allowed are such and such only as

are actual, and the proximate result of the restraining order. [Brown v. Baldwin, 121 Mo. 126, l. c. 136.] But in the injunction suit in the case at bar the very object thereof was to restrain Bedell from enforcing his libel judgment, and the defense of the injunction suit on its merits was necessary to get rid of the injunction bond. The Brown case just cited was one wherein suit was brought to recover the value of improvements made on certain land and an injunction was obtained in aid of that suit to prevent the parties, to whom the land had just been adjudged, from taking possession until the suit could be determined. In other words, as the court said, the injunction in that case was ''merely ancillary to the main cause of action;'' and the court further said the right to bring the action for improvements existed and ''defendants would have been compelled to employ counsel *irrespective of the injunction.*'' (Italics ours.) That, however, is not the case at bar.

But, if we understand appellant's contention, it is that although the injunction suit is separate, distinct from, and wholly independent of, Bedell's suit on the bond given to review the libel judgment, nevertheless the injunction suit was merely ancillary to the defense in Bedell's suit on the bond—in other words, the validity of the libel judgment was the nub of the controversy in both the injunction suit and the suit on the bond—therefore, the injunction did not cause Bedell to hire any attorneys to get rid of the injunction suit, and hence no attorney fees should be allowed on the injunction bond.

We do not think the principle, applicable to cases where the bond is merely ancillary to the main object of the suit, can be applied here. The Illinois corporation, plaintiff in the injunction suit, was not the defendant sued in the suit on the bond nor in the suit on the libel. It was another corporation who, in the injunction suit, sought to restrain Bedell from obtaining the benefit of his libel judgment; but said corporation was not even a defendant in the suit by Bedell on the bond. However,

even if it had made itself a defendant therein in addition to the Missouri corporation of the same name, the situation would not be different and the rule applicable to purely ancillary bonds would not apply. The two suits were separate and distinct and had different objects for their purpose.

But appellant's contention may perhaps be stated in this form, that as Bedell's attorneys in defense of the injunction suit were the same as in the libel suit, and as the contingent nature of their fee in the libel suit made them equally interested with Bedell in maintaining the validity of the libel judgment, therefore Bedell did not have to hire attorneys to defend the injunction suit, and, not being put to any such expense by the injunction bond, he is not entitled to any damages, by way of attorney's fees, on the injunction bond. No doubt this would be true if he was not put to any such expense or made liable therefor; because it is only such damages as are caused by the issuance of the injunction that can be assessed. But Bedell's contract with his lawyers in the libel suit did not cover the contingency of some other entity attacking the validity of the judgment after it was obtained and had become final. He could not have compelled them to defend the injunction suit, nor recovered damages from them for refusing to do so. They required pay and could have declined to defend the injunction suit unless compensated therefor, and if, as a result of no defense therein, the libel judgment had been destroyed, the attorneys would have lost nothing except perhaps their half of the proceeds thereof. But Bedell would have lost his and therefore he had a right to hire counsel to protect that. It is in evidence, however, that in the libel suit one of the attorneys appearing for Bedell did not have any contract with him but was employed by the other two attorneys; while in the injunction suit he was employed by Bedell himself and a contract was entered into whereby Bedell obligated himself to pay a reasonable fee for defending the injunction suit. That

this was done is shown throughout the testimony. It is true Bedell, in one place at least, testified in a way that might seem to indicate that he only contracted to pay a fee in case he lost the injunction suit, but when all of the testimony on the subject is considered, it can be seen that the trial court was justified in regarding the arrangement as being one wherein Bedell was to pay a reasonable fee and obligated himself to do so, but of course with the knowledge that, if the injunction suit was defeated and the injunction dissolved, the expense of the fee could be laid upon the plaintiff in the suit as a part of the damages to be assessed under the injunction bond. It is well settled that actual payment of the fees is not absolutely essential to a recovery therefor, it being sufficient if there is a legal liability to pay them. [14 R. C. L. 487; Albers Comm. Co. v. Milliken, 183 Mo. 662; 16 L. R. A. (N. S.) 76, note.]

It is unquestionably true that no allowance could be made for services *on appeal* in the injunction suit; but the record does not disclose that any such services were included in the allowance. On the contrary, the evidence as to the reasonable value of the services rendered "in the circuit court" was greater than the amount allowed. The fact that a certain witness said that in addition to the stated value of the services in the trial court, the value of the services on appeal amounted to a further sum of $200, does not show that the court included any such services on appeal in the allowance. In the absence of anything to indicate that the court did so include them, the presumption is that they were not included. There is no claim made that the allowance made for the fees were excessive or unreasonable for the work done in defending the injunction suit in the circuit court and getting rid of the bond.

Being of the opinion that we are without authority to disturb the judgment, it is affirmed. All concur.