JACOB WEIL ET AL., APPELLANTS, v. FRED A. RICHARDSON, SHERIFF ET AL., RESPONDENTS.—35 S. W. (2d) 369.

Kansas City Court of Appeals. February 16, 1931.

*M. L. Friedman* for appellants.

*Frank G. Warren* and *John C. Nipp* for respondents.

CAMPBELL, C.—The statement of appellants, with the exception of the omission hereinafter stated, is adopted by the respondents and is as follows:

"The appellants here are Jacob Weil and Benjamin R. Strauss, and M. L. Friedman, Wm. G. Boatright, Richard B. Mullett and J. C. Laderick, principals and sureties, respectively, on two bonds required to be given in the above entitled cause by order of the Circuit Court of Jackson County, Missouri, as conditions precedent to the granting of a restraining order and the granting of a temporary restraining order. As the issues herein involved are identical as to all appellants, we shall hereinafter refer to them only as 'appellants.'

"The respondents here are Fred A. Richardson, Sheriff of Jackson County, Missouri, and George D. McIlrath, defendants in the above suit filed in the Circuit Court of Jackson County, Missouri, in which appellants Weil and Strauss were plaintiffs. We shall refer to said Richardson and McIlrath hereinafter as 'respondents.'

"This appeal involves only one phase of the litigation heretofore had in this cause, namely, a judgment, entered by the circuit court upon the said two appeal bonds, against appellants and in favor of respondents, based upon claims of respondents for expenses and attorneys' fees incurred by reason of the issuance of said restraining order and said temporary injunction. The claim of respondents for damages is based upon all expenses and attorneys' fees incurred from the time of issuance of restraining order on February 8, 1923, up to and including the date of the entry of final judgment in the cause in the circuit court, pursuant to mandate of this court, on February 11, 1930, and includes claims for attorneys' fees and expenses incurred in connection with the ramifications of the cause from the date of respondents' appeal from the decree of permanent injunction granted by the circuit court to the date of final judgment. The judgment of the trial court on respondents' motion to assess damages is in the amount of $883.67, and it is from this judgment that appellants have appealed to this court.

"The chronological history of this cause is as follows:

"On November 17, 1922, respondent George D. McIlrath obtained a judgment against Mendelsohn-Strauss Realty Company, a corporation, in the sum of $547.50. Thereafter, on January 10, 1923, execution was issued under said judgment. On January 11, 1923, re-

spondent Richardson, as sheriff, levied upon the purported interest of the corporation debtor in and to certain real estate situate in Kansas City, Missouri.

"Thereafter, on February 8, 1923, appellants filed this action in equity against respondents in the Circuit Court of Jackson County, Missouri, seeking to enjoin and restrain the respondents from levying upon and selling the purported interest of the corporation debtor in and to the said real estate levied upon.

"On February 8, 1923, the said circuit court granted appellants a temporary restraining order, restraining respondents from proceeding with the said levy and execution, conditioned upon appellants giving a bond in the amount of $600, which bond was in due time given, and the condition of which bond is as follows. 'Now therefore, if the plaintiffs, Jacob Weil and Benjamin R. Strauss will abide by the decision which shall be made upon their petition and prayer for an injunction and restraining order, and pay all sums of money, damages and costs which shall be adjudged against them if the injunction shall be dissolved, then this obligation and the bond shall be void, otherwise to remain in full force and effect.'

"On February 23, 1923, a temporary injunction was granted appellants, enjoining and restraining the respondents from proceeding with the sale of the purported interest of the corporation debtor in said real estate, conditioned upon the giving of a further bond in the amount of $750. Said bond was in due time given by the appellants, and is conditioned as aforesaid. Thereupon respondents filed their separate answers and on May 1, 1923, appellants filed their amended petition.

"Thereafter, the cause was assigned for trial on its merits to Division One of said circuit court, and respondents filed their motion to dissolve injunction on May 2, 1923, which motion was by the court overruled. A trial of the cause was then had on said date and a decree was entered in favor of the appellants, perpetually and permanently enjoining and restraining respondents from proceeding with said sheriff's sale or in any wise attempting to sell, transfer or convey any interest in and to the said real estate, and further decreeing that said judgment entered against the corporation debtor was null and void. At this trial, respondents introduced no evidence. Respondents filed their motions for new trial, in arrest of judgment and for judgment *non obstante,* and the same thereafter being overruled, respondents perfected their appeal to this court.

"In due course the appeal was docketed in the Kansas City Court of Appeals. Respondents prepared abstracts of record and briefed the case and same was submitted to this court in the October Term, 1923. Respondents' counsel, Mr. Frank Warren, argued the case at the time in this court. Thereafter, this court handed down its opinion, transferring the cause to the Supreme Court on the ground

that title to real estate was involved. Thereafter, the cause was assigned to Division Two of the Supreme Court and docketed in the January, 1928, Term. At that time, on the day set for hearing, argument was made for the respondents by their counsel, Mr. Warren. Thereafter, an opinion was handed down by the Supreme Court, returning the cause to this court, holding that title to real estate was not involved.

"Respondents filed no additional brief in the Supreme Court. In due time the cause was again docketed in this court and was resubmitted without argument and without the filing of any additional briefs by the respondents.

"Thereafter, an opinion was handed down by this court reversing and remanding the cause. Respondents, however, filed a motion for a rehearing, which motion was granted and the cause was redocketed for the October Term, 1929, of this court. At that time the cause was re-submitted. Respondents' counsel, Mr. Warren, filed a supplemental brief and argued the cause.

"Thereafter, this court handed down its opinion reversing the judgment with directions to enter judgment for the respondents.

"Appellants filed their motion for rehearing and respondents filed their counter suggestions. This motion was overruled and this court sent its mandate to the circuit court and judgment was entered in the circuit court in conformance to the opinion of this court.

"At the trial of the cause on its merits in the circuit court, the respondent McIlrath was represented by his attorney, Mr. Warren, and the respondent Richardson by his attorney, Mr. Nipp, but after the rendition of said judgment, Mr. Warren made the only appearances in the appellate courts for the respondents.

"On January 10, 1930, after the last opinion of this court, the respondents filed their joint motion to assess damages on the injunction bond wherein they pray for damages in the total amount of $750.

"Thereafter, on March 7, 1930, they filed their joint motion to assess damages on injunction bonds wherein they pray for allowance in the sum of $1,200.

"The motion coming up for hearing in the circuit court, a jury was waived and the issues submitted to the court.

"Expert testimony was introduced by the respondents to show the value of services rendered by their attorneys and expert testimony was introduced by the appellants to the same effect. The testimony of respondents' witnesses as to the value of these services ranged from $1000 to $1,250, and that of appellants' witnesses from $250 to $350.

"After all of the evidence had been adduced, the court rendered its judgment, allowing respondents certain items of expenses and the sum of $100 attorneys' fees on the bond given by appellants

in the amount of $600, covering services between the date of the restraining order· and the temporary restraining order, and $650 attorneys' fees on the bond given by the appellants in the amount of $750, covering services rendered from the date of the temporary restraining order to the entry of final judgment.''

The foregoing omits to state the fact that the temporary restraining order was continued in force until the termination of the suit.

The suit in which the injunction was granted was heard in the circuit court, in the Supreme Court, and thrice in this court. The sole object of the suit was to restrain the respondent· from proceeding with the sale of real estate upon which an execution had been levied.

The temporary injunction granted at the time of the institution of the suit remained in force from February 8, 1923, until it was dissolved in obedience to the opinion and mandate of this court in February, 1930. During all of that time the respondents were actively engaged in lawful efforts to rid themselves of the restraining order, and their efforts met with success only after seven years of court room battle.

It is claimed by appellants that respondents are not entitled to recover for services of attorneys after the granting of the permanent injunction. Reliance for that contention is based principally upon the case of Toothaker v. Pleasant, 9 S. W. (2d) 670.

Some confusion has arisen on this subject, doubtless on account of the dicta in some of the cases, notably City of St. Louis v. St. Louis Gas Light Company, 82 Mo. 348. In that case no bond was given or temporary restraining order issued. Upon trial in ·the circuit court a permanent injunction was granted which remained in force until dissolved on appeal. The court held that damages could not be assessed on motion because no bond had been given.

In this case the main purpose of the suit was to obtain a permanent injunction. A temporary restraining order was issued and bonds given. That temporary order was continued in force until dissolved by the judgment rendered in conformity to the mandate of this court. On the facts the correct rule is that the one whose legal rights have been invaded by the unjust restraint is entitled to have the damages directly occasioned thereby, assessed against the bond. The damages to be assessed include reasonable fees for necessary legal services rendered from the time of the issuance of the temporary order until the final dissolution thereof. [Baunhoff v. Grueninger, 215 S. W. 487; Brownlee v. Fenwick, 103 Mo. 420, 15 S. W. 611; Albers v. Spencer, 236 Mo. 608, 139 S. W. 321; Richardson Lubricating Company v. Bedell, 209 Mo. App. 238, 237 S. W. 192.] The holding in the Toothaker case, supra, will not be followed. But there is another reason why we cannot allow the contention of appellants in the respect under consideration. At the trial respond-

ents offered evidence, to which no objection was made, tending to show the reasonable value of the services of respondents' attorneys for the work "done in the cause." Thereafter appellants, interrupting a witness who was giving testimony as to the general course of the litigation, said: "If the court please, I have no objection to this recital of the opening steps in this litigation, if it is for the purpose of advising the court as to the course of the litigation, but if it is for the purpose of constituting an element of attorneys' fees, I object, as attorneys' fees, under this bond, can be allowed only for services rendered in procuring a dissolution of the injunction." Appellants also inquired of one of their expert witnesses "what would you consider would be a fair and reasonable fee—total reasonable fee—to be paid to those (respondents' attorneys) gentlemen?" There is not a hint or suggestion in the record that appellants at the trial contended that the amount to be assessed for attorneys fees should be limited to the services performed before the granting of the permanent injunction. Both parties tried the case upon the theory that the value of attorneys services should be based upon the services rendered from the granting of the temporary restraining order to the end of the litigation. It is elementary that litigants on appeal are bound by the theory adopted in the trial court.

Appellants' statement reveals that the evidence as to the value of the attorneys' services is conflicting; that the respondents' witnesses said the value of those services was from one thousand to twelve hundred and fifty dollars. The trial judge heard the witnesses and we cannot say he was not justified in the determination of the value of the services rendered. It must not be overlooked that the court is, itself, an expert on the question of the value of an attorney's services.

In 6 C. J. 752, it is said:

"While opinions are receivable and entitled to due weight, the courts are also well qualified to form an independent judgment on such questions, and it is their duty to do so."

It is further said that it is proper to receive evidence as to the price usually charged "but such evidence is not essential inasmuch as the court itself is competent to judge with respect to the value of such services." [6 C. J. 761.]

It is also claimed the amount involved in the original suit should be considered in determining the value of the attorneys' services, and that when viewed from that angle the allowance made is excessive.

The court was not requested to state the theory upon which it arrived at the value of attorneys' services, and we must therefore presume that due consideration was given to all of the evidence. Upon the record we cannot convict the trial court of error in the

matter of determining the value of attorneys' services. [Mancuso v. Western Automobile Company, 296 S. W. 181.]

What we have said disposes of all the questions presented in plaintiffs' brief. No error prejudicial to plaintiffs is shown. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.*, absent.