C. B. LOVELAND ET AL., APPELLANTS, v. BILL DAVENPORT ET AL., RESPONDENTS.—201 S. W. (2d) 518.

Springfield Court of Appeals.   April 4, 1947.

Rehearing Denied April 30, 1947

*John M. Bragg* for appellant.

*Joe C. Crain* for respondents.

FULBRIGHT, P. J.—This suit is based upon a motion to assess damages on an injunction bond. On July 20, 1943, appellants filed a petition in the Circuit Court of Wright County, against respondents in which appellants sought to have a certain judgment establishing a public road through their premises ''cancelled and for naught held and a permanent injunction be issued . . . restraining the trespass and taking of their lands and that in the meantime a temporary injunction be issued against these defendants (respondents) . . . restraining them and each of them . . . from passing over or in any way interfering with the possession and quiet enjoyment of certain lands alleged to be owned by plaintiffs (appellants) over which a public road had been established.'' Upon a hearing the court issued its temporary writ of injunction enjoining the defendants and each of them, their servants and agents from going upon, or in any way interfering with the peaceable and quiet enjoyment of the lands in question until the further order of this court, upon the appellants filing with the clerk a bond in the sum of $1,000. Appellants duly entered into an injunction bond in which C. B. Loveland and Mrs. Franc Marie Loveland signed as principals, and A. L. Eichholz, A. C. Eichholz and Joe Major signed as sureties. Respondent, Bill Davenport, was duly served with said writ of injunction and filed his plea in abatement thereto, along with the other defendants in the injunction suit. These pleas were overruled on March 3, 1944, and respondent, Bill Davenport, and others, filed their demurrer to said petition on March 3, 1944, which was overruled. Whereupon respondents filed their motion to dissolve temporary injunction and their answer on the same date. Trial of the cause was had on March 3, 1944, and the court found the issues in favor of the respondents and against appellants, dissolving the temporary injunction and dismissing the cause, from which judgment appellants appealed to this court. The judgment of the Wright County Circuit Court was affirmed in this court, the case being reported in 188 S. W. (2d) 850.

Respondent, Bill Davenport, duly filed motion for assessment of damages on May 25, 1944, and on November 16, 1945, appellants filed their answer. The court proceeded to hear the issues and found for motionor, Bill Davenport and against appellants and assessed the damages of motionor at the sum of $601.13, which judgment was duly entered against the previously named appellants. Said appellants subsequently filed their notice of appeal and the cause was duly appealed to this court.

Movant, in his Motion for Assessment of Damages, alleges in substance, among other things, the filing of a petition and application, for injunction, the granting of a temporary writ of injunction and the filing injunction bond, the amount of the various items of damages sustained as a direct result of the issuance of the temporary writ of injunction and asks for a judgment of $1,000, the full amount of the injunction bond.

For answer to the motion plaintiffs admit the issuance of the injunction and execution of the injunction bond and deny each and every other allegation therein contained. They then deny that Movant, Bill Davenport had any interest in the West Half of the Northeast Quarter of Section 27, Township 27, Range 19, Christian County, Missouri. They deny that the road described in Movant's motion is a public road or was a public road during the life of the temporary injunction, or at any time mentioned in the motion. They allege that the order of the County Court of Christian County establishing said public road was void; that the court was without jurisdiction to render the judgment; that the Circuit Court of Christian County, to which an appeal was taken and the Circuit Court of Wright County, to which it was sent on change of venue, had no jurisdiction of said lands and that the judgment of said court is void; that Bill Davenport was a trespasser, had no vested rights and the temporary injunction took no rights away from said movant. Appellants complain that movant did not sufficiently itemize the amounts of damages claimed and that the bond sued upon is one of joint obligation to all the obligees and that one obligee cannot proceed alone in this action against these defendants (respondents) and asks that movant's motion be dismissed.

Movant filed a motion to strike part of plaintiffs' (appellants') answer, which does not seem to have been ruled on by the court but treated as a reply. It alleges in substance that all matters relative to the action of the County Court of Christian County and the Circuit Court of Wright County are *res judicata* or *res adjudicata* and have been finally adjudicated on the trial of this case on its merits and in this court, and are concluded by the judgment and decree of this court entered on April 18, 1944, which judgment and decree were thereafter affirmed by the Springfield Court of Appeals.

By agreement of the parties a jury was waived and the cause tried before the court. All files in the original injunction suit were placed in the record as evidence by stipulation entered into between the parties. Respondent, Bill Davenport, introduced in evidence a written agreement showing the employment of Joe C. Crain as his attorney in procuring the dissolution of the temporary injunction and expenses incidental to having the injunction dissolved and introduced proof of the reasonableness of such fee. He also made proof of certain alleged items of damages directly resulting from the issuance

of the temporary injunction and his inability to keep a tenant on his land while the temporary order was in force since there was no way of egress and ingress to his lands. The items of damages, in the aggregate exceeded $1,000.

Appellants introduced in evidence the judgment of the Circuit Court of Wright County, rendered on the 5th day of June, 1942, ordering the opening of the public road. They also offered, and the court admitted, the files in said suit. Thereafter the trial court rendered judgment for respondent, Bill Davenport, assessing his damages at $601.13.

Appellants' Assignment of Errors is as follows:

(1) The Court erred in admitting respondents' Exhibit B over the objection of the appellants.

(2) The Court erred in rendering judgment in favor of the respondent and in assessing his damages in the sum of $601.13.

(3) The Court erred in finding from the evidence that respondent, Bill Davenport, sustained any damages by reason of the temporary injunction and in finding that the respondent had any vested right or interest in the real estate which he was enjoined from constructing a road and the use of the same.

The first assignment is without merit. If error, appellants are in no position to complain since they offered, and the trial admitted, the files in the original cause establishing the public road and in which the identical exhibit was contained.

Assignments numbered Two and Three will be considered together. Appellants contend that the judgment of the Wright County Circuit Court establishing the public road in question does not affirmatively show that the proceedings required by the statutes were complied with and that the said judgment shows affirmatively that it is void, this for the reason that said judgment, in its findings as to the giving of notice, is not in compliance with Section 8474, Revised Statutes of Missouri, 1939, which makes it mandatory that "notice of such intended application shall be given by printed or written.handbills put up in three or more public places in such municipal township or townships, one of which shall be put at the proposed beginning and one at the proposed termination of said road, at least twenty days before the first day of the regular adjourned term of the County Court to which the petition is to be presented, . . ." Appellants are apparently contending that the court should have set out in its finding that it found that notice was given. by printed or written handbills put up in three or more public places in such municipal township or townships, one of which was posted at the proposed beginning and one at the proposed termination of said road, etc., whereas said court found, and sets out in its finding "that due legal notice has been given of the intended application for a public road to the County Court of Christian County, Missouri, as required by law, as shown

by the evidence herein and as shown by a copy of said notice and the return thereof, which said notice and return are on file with the petition herein.'' There is little merit in appellants' contention. Such finding is at least invulnerable to a collateral attack such as is attempted here. [Lingo v. Burford, 112 Mo. 149, l. c. 155, 156, 20 S. W. 459, l. c. 460; Western Tie and Timber Co. v. Pulliam, 237 Mo. 1, l. c. 19, 20; 139 S. W. 144; Petet v. McClanahan, 297 Mo. 677, l. c. 687, 249 S. W. 917; Summers v. Cordell, 187 S. W. 5; Inter-River Drainage Dist. v. Henson, 99 S. W. (2d) 865, l. c. 872.]

The petition filed with the County Court and the notice stated all the necessary jurisdictional facts for the establishment of the road described in the petition, and the court found ''that as many as twelve of the petitioners thereon are adult, resident freeholders and land owners of the township through which said proposed road runs, and that as many as three of them reside in the immediate neighborhood of said proposed road; that said petition specifies the proposed beginning, course and termination of said road with not less than two intermediate points named on the direction of said proposed road, and that the same runs on Government surveys as far as practicable; that due legal notice has been given of the intended application to this court for such road as required by law, as shown by a copy of said notice and a return thereof showing such service and by the evidence of witnesses herein, which copy of said notice and the return thereof are on file with said petition; . . .''

The doctrine is now well settled that the filing or presentation of a proper petition of which due notice has been given, confers jurisdiction upon the County Court and that mere irregularities, if any, occurring in the proceedings in the County Court, after jurisdiction is once acquired, will not deprive the Circuit Court of its jurisdiction on appeal. Therefore, the appeal to the Circuit Court of Christian County conferred jurisdiction on said court and jurisdiction of said cause was vested in the circuit court of Wright County upon the case reaching there on change of venue from Christian County. Reeves v. Green, 222 S. W. 795, l. c. 798, and cases therein cited.

Moreover, all the proceedings, orders and judgment of the Circuit Court of Wright County establishing the road and ordering the opening of same are res adjudicata and cannot be properly raised in the instant case. The judgment of the Wright County Circuit Court establishing the public road in question was valid, and respondent, at the time of the granting of the temporary writ of injunction and at the time that the writ was served on him, had a legal right to use the road and was obviously damaged as a result of being restrained from using same; and was entitled to recover a reasonable attorney's fee and entitled to other proper damages as he sustained, as the result of the issuance of the temporary writ of injunction from the time of the service thereof until the final dissolution of same. [Weil

824

v. Richardson, 35 S. W. (2d) 369.] And appellants cannot escape damages by urging that the party enjoined should not have obeyed the injunction because it was defective or granted without jurisdiction, and is estopped to challenge the validity of the injunction or restraining order and to say that the court granted it without jurisdiction. [43 C. J. S. 1075.]

The judgment of the trial court should be affirmed, and it is so ordered. *Blair, J.,* and *Vandeventer, JJ.,* concur.