## WILLIAM WHITEHEAD *v.* PAUL TULANE and C. M. GUIRAMAND.

In an injunction suit, where there is judgment of nonsuit on the plaintiff's being called and not appearing, the injunction bond is forfeited.

A party who enjoins an execution, on the ground of ownership in himself of the property seized, and who, pending the injunction suit, makes a notarial conveyance of the same property to a third person, cannot be allowed to call such third person in warranty.

It is too late, on an application for a rehearing, to take advantage of the neglect of appellant to file his brief within two days after the cause was set for trial. The appellee should have moved for a continuance when the cause was called for argument.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
Roselius and *Hahn,* for plaintiff and appellant. *L. C. & G. B. Duncan,* for defendants.

BUCHANAN, J. Two questions of law are presented by this record:

1st. Whether a judgment of nonsuit (the plaintiff being called and not appearing) in an injunction suit forfeits the injunction bond?

2d. Whether a party who enjoins an execution on the ground of ownership in himself of the property which has been seized, and who, pending the injunction suit, makes a notarial conveyance of the same property to a third person, can he allowed to call such third party in warranty? The first of these questions was decided in the case of *Penniman* v. *Richardson,* 3 L. R. 103, when Judge Porter said: "The plaintiff in the suit voluntary abandoned it, and by so doing became, with his surety, responsible for all damages which the plaintiff in execution sustained," etc.

The second question is no less clear. The warranty contended for by defendants, belongs to neither of the kinds mentioned in Article 379 of the Code of Practice. Neither does the conveyance in question contain any such stipulation of warranty. Indeed, as the Judge below remarks, it is quite a reversal of the ordinary course of things, to suppose a warranty of the vendee towards the vendor. The facts, as disclosed by the evidence, are that the defendant, *Tulane,* having a judgment against one *Conner,* seized *Conner's* household furniture in 1842, under a *fieri facias,* and bid the same off at Sheriff's sale, through a friend, whose evidence is in the record. The property was left in *Conner's* possession after this sale, and so remained to the year 1847, five years afterwards, when it was again seized by the present plaintiff in execution of a judgment against *Conner.*

*Tulane,* who had never exercised any ownership or control since his apparent purchase, then came forward and enjoined plaintiff's execution, claiming the property. Pending the injunction suit *Tulane* made a conveyance to *Robert R. Barrow* of his interest in the property seized, for the consideration of *Barrow's*

note, payable three years after date, with an express renunciation of all warranty .on the part of the vendor. Some time after this conveyance, the injunction suit being assigned for trial, and the plaintiff in injunction, *Tulane*, being called and not appearing, a judgment of nonsuit was entered against him. It is proved that fruitless efforts have been since made by the Sheriff to satisfy the writ against *Conner*, or to regain possession of the property, the sale of which was enjoined by *Tulane* in 1847. The value of that property. is proved to be eight hundred dollars, the amount of the injunction bond.

These facts make out a case against the defendants of damages to the full extent of the injunction bond signed by them. _The legal presumption arising from this continued possession in *Conner* is that'. the purchase of *Conner's* property by *Tulane* at Sheriff's sale was a simulation. The anomalous sale, pending the injunction suit, to *Barrow*, (who is shown by the record to have claimed other property seized at the same time with this furniture, and under the same execution,) coupled with the equally anomalous call in warranty of *Barrow* by his vendor, are facts which corroborate this legal presumption.

Perhaps it is even unnecessary to advert to these circumstances, inasmuch as the voluntary abandonment of the injunction suit, in the language of the case cited, has fixed the responsibility of the principal and surety in the injunction bond. We allow interest from the date of the judicial demand.

It is, therefore, adjudged and decreed, that the judgment of the District Court, as between plaintiff and defendants, be reversed; that plaintiff recover of *Paul Tulane* and *C. Morel Guiramand*, *in solido*, eight hundred dollars, with legal interest from the 16th February, 1853, until paid, and costs in both courts; and that, as between the defendants and the warrantor, *Robert R. Barrow*, the judgment dismissing the call in warranty be affirmed.

---

### ON A REHEARING.

On an application for a rehearing the court rendered the following judgment:

BUCHANAN, J. The suggestion in the petition for rehearing, that the appellant's brief was filed more than two days after the cause was fixed for trial, comes too late. Parties are bound to take notice of the fixing of causes for trial; and the appellee should have appeared in court, when the cause was called for argument, and moved for a continuance, if he were entitled under the rule of court to do so.

Rehearing refused.