STEWART et al., respondents, *v.* MILLER et al., appellants.

PRACTICE — *oral agreements.*  The oral agreements of attorneys should be disregarded, although the clerk has entered them in the transcript on appeal.

EVIDENCE IN SUIT ON INJUNCTION BOND — *damages.*  In an action upon an injunction bond, the obligors may prove the facts that entitle them to the injunction in mitigation of damages, if the injunction has been dissolved before the merits of the case have been adjudicated.

DISSOLUTION OF INJUNCTION — *evidence.*  The dissolution of an injunction before the case has been finally determined, is *prima facie* evidence that the injunction was improperly granted.

PARTIES TO BONDS — *damages apportioned.*  All the parties to a bond that has been executed jointly should be brought into court, so that the damages claimed can be apportioned.

*Appeal from the Third District, Lewis and Clarke County.*

STEWART, and eleven other plaintiffs, brought this action in August, 1869, against Miller and J. B. Hyde, to recover damages sustained by the granting of an injunction.  The case was tried by a jury in March, 1870, and a verdict returned for plaintiffs for $1,750.  On the trial the defendants, after the plaintiffs had closed their evidence, moved the court, SYMES, J., to continue the cause, and order other parties to be brought in, on the ground that a complete determination of the action could not be had without their

presence. The motion was overruled and defendants excepted.

The defendants offered in evidence the amended complaint, the answer to the same, and the injunction in another action, for the purpose of showing the following facts: That the cause of action involved in the case, in which the injunction bond sued on had been executed by defendants, had been transferred to another suit, and that the same issues were still pending between the same parties; and that the injunction had also been transferred and was still in existence.

The defendants also offered in evidence the findings of the jury and the decree in another action, and also produced certain witnesses for the purpose of showing that the parties who procured the injunction, that was issued on the filing of the bond sued on, were equitably entitled to the same, to protect them in the enjoyment of their rights to certain "springs," and that the rights of the parties had not been determined, as to the subject-matter of the injunction, at the time the injunction was dissolved and this action was brought. The foregoing evidence was excluded by the court, SYMES, J., and defendants excepted.

E. W. & J. K. TOOLE, for appellants.

The complaint shows that respondents do not seek to recover the damages sustained by six other co-obligees on the bond sued on. The court should have required the other parties to be brought in. Civ. Prac. Act, §§ 14, 17. The evidence shows that about one-half of the respondents sold out their interest in the damages recoverable on the bond sued on, before this suit was commenced, to persons who were not parties to the suit. Every action shall be prosecuted in the name of the real party in interest. Civ. Prac. Act, § 4. The parties not joined may still sue for their portion of the damages recoverable on the bond. *People* v. *Love*, 25 Cal. 529; *Fowler* v. *Frisbie*, 37 id. 34; Hill. on Inj. 64, § 26; Civ. Prac. Act, § 17; *Prader* v. *Grimm*, 28 Cal. 11; *Summers* v. *Farish*, 10 id. 347; *Baker* v. *Bartol*,

7 id. 551; Voorhies' Code, 265, *b*, *c*; *Heywood* v. *City of Buffalo*, 14 N. Y. 506.

The respondents should have shown the portion of the damages recoverable to which they were entitled. *Whitney* v. *Stark*, 8 Cal. 514; *Septembre* v. *Putnam*, 30 id. 497.

The reason for dismissing the suit and dissolving the injunction was explained by the order of the court in the premises. It was for the purpose of trying the merits of both in the same action and consolidating them. Civ. Prac. Act, § 497.

Money is recoverable upon an injunction bond on the dismissal of the action, on the theory that it is an abandonment of the rights of the plaintiff to enjoin the defendant. In this case the order of the court shows that the injunction was re-instated. Hill on Inj. 67; *Gelston* v. *Whitesides*, 3 Cal. 309; *Hicks* v. *Michael*, 15 id. 107; *Fowler* v. *Frisbie*, 37 id. 34; *Shearman* v. *New York C. M.*, 11 How. Pr. 270; *Methodist Churches* v. *Barker*, 18 N. Y. 463.

A party must prove his title to property on which he alleges his damages to have accrued, and this title can be put in issue in mitigation of damages. A voluntary dismissal of a suit does not estop the party from showing his title to the property, when that title may be the essential element on which a portion of the damages accrued. It cannot be contended that a person who is committing a trespass to the property of another is damaged, by being prevented in so doing. The dismissal of a suit does not become an adjudication on the title, and does not give a defendant, upon the dissolution of an injunction, damages he has not sustained.

CHUMASERO & CHADWICK and SHOBER & LOWRY, for respondents.

The bill on which the injunction was granted was finally dismissed and the injunction dissolved. That was a final determination of the cause, and an action would lie on the undertaking in the cause for any damages sustained by the parties restrained. Hill. on Inj. 103, § 64; *Metho-*

*dist Churches* v. *Barker*, 18 N. Y. 463 ; *Dowling* v. *Polack*, 18 Cal. 625.

When a defect of parties is apparent on the face of the complaint, the objection must be taken advantage of by demurrer. When it is not apparent on the face of the complaint, the objection must be taken by answer. Voorhies' Code, § 148 and *n.;* Civ. Prac. Act, § 45 ; *Dunn* v. *Tozer*, 10 Cal. 167 ; *Borroughs* v. *Lott*, 19 id. 125 ; *Tissot* v. *Throckmorton*, 6 id. 471.

The jury were instructed, at the instance of appellants, that respondents could only recover the actual damages they sustained in consequence of the injunction. The respondents were a mining company, and the damages they sustained were joint, and the action was prosecuted in the name of the real party *in interest.*

WARREN, C. J.　In this transcript of the record there appeared a clerk's entry to the effect that "the statement upon motion for a new trial being settled this day by the court, the respective parties waive the necessity of engrossing the same to be used upon the hearing of the said motion," and the transcript contains what purports to be the instructions excepted to, and the evidence given and offered on the trial. The cause was argued and submitted in this court at the last term, and in lieu of perfecting the transcript by procuring the omitted certificate of settlement of the statement, and objections to the transcript being waived by agreement of the parties in this court, the cause was heard, by leave of court, upon the basis of the statement appearing in the transcript, as though properly certified. While oral agreements of attorneys are to be disregarded, and the entry of them by a clerk gives them no additional validity so as to entitle them to notice on appeal, the respondents in this case having admitted the statement in this transcript to be the one settled by the judge below and referred to on the motion for a new trial, and the cause having been submitted upon this basis, we will consider the errors assigned upon it, although the practice is bad and not to be regarded as precedent.

The action is brought upon an injunction bond. The statement shows that appellants offered in evidence on the trial the record of proceedings had in the action in which the bond was given for the purpose of showing that the action was dismissed and the injunction dissolved for the reason that another action theretofore commenced was pending and undetermined in the same court between the same parties and involving the same subject-matter ; and that the court, upon such dismissal and dissolution, holding that the application for the injunction sought should have been made in the original action and not in a separate and independent action, by order permitted the complaint filed in the latter suit to stand as an affidavit for an injunction in the original action, and the summons to be regarded as a notice to defendants of such application ; all of which evidence the court excluded from the jury, to which ruling appellants excepted. In this the court erred.

Where the dissolution of an injunction is not consequent upon a final determination or adjudication upon the merits of the action, the obligors in the bond may, according to the weight of authority and principle, show the facts and circumstances entitling them to the injunction, if not in full defense, at least in mitigation of damages in an action upon the bond, the order of dissolution being in such cases only *prima facie* evidence that the injunction was improperly issued. This has been held otherwise in some of the cases cited, but seems founded in sound principle, as otherwise, the obligees in a bond given in a cause in which the action was dismissed or the injunction dissolved, upon some formal matter, although the plaintiff was in equity entitled to the protection demanded, would, in an action upon the bond, stand upon the same footing in respect to damages recoverable, as though the injunction was obtained without a shadow of equity, or even maliciously, and through perjury. This we cannot believe to be the law, and the evidence offered in this action should have been admitted.

The bond, too, having been executed by the defendants to the plaintiffs below jointly, it was necessary to a complete

VOL. I. — 39.

determination of the rights of the parties, that all should have been in court, in order to apportion damages claimed, and if any of the obligees refused to join as plaintiffs, the court, upon the showing made, should have ordered them brought in as defendants.

The judgment is set aside and the cause remanded for a new trial.

*Exceptions sustained.*