COOK, RESPONDENT, v. GREENOUGH ET AL., APPEL-
LANTS.

[Submitted October 17, 1893.  Decided April 16, 1894.]

INJUNCTION BOND—*Damages—Attorney's fee.*—In an action upon an injunction
bond the fact that plaintiff became liable for attorney's fees in the injunction
suit is sufficiently shown by proof that he employed an attorney who procured
a dissolution of the injunction, and of the reasonable value of his services.

SAME—*Same—Expenses.*—A verdict for expenses in procuring a dissolution of an
injunction, in excess of what were actually proved, is improper, and should be
remitted to the amount warranted by the evidence or a new trial granted.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION upon an injunction bond.  The cause was tried
before MARSHALL, J., who denied defendant's motion for a
new trial.  Reversed conditionally.

*Webster & Wood,* for Appellants.

The complaint should state that the plaintiff has paid his
attorney's fee.  (*Willson* v. *McEvoy,* 25 Cal. 170; *Jackson* v.
*Port,* 17 Johns. 479; *Churchill* v. *Hunt,* 3 Denio, 321; *Prader*
v. *Grimm,* 28 Cal. 11; *Wilde* v. *Joel,* 6 Duer, 671; *Bustamente*
v. *Stewart,* 55 Cal. 115; *Mitchell* v. *Hawley,* 79 Cal. 301;
*Hovey* v. *Rubber Tip Pencil Co.,* 50 N. Y. 335; *Disbrow* v.
*Garcia,* 52 N. Y. 654; 1 Sedgwick on Damages, § 237; *Hedges*
v. *Meyers,* 5 Ill. App. 347.)

*Henry C. Stiff,* for Respondent.

There are some decisions holding that the attorney's fee must
be paid by the plaintiff before he can recover therefor on the
injunction bond, but there are numerous decisions to the effect
that the incurrence of a liability to pay the fee is all that is
necessary to entitle him to recover.  (*Miles* v. *Edwards,* 6
Mont. 180; *Underhill* v. *Spencer,* 25 Kan. 71; *Loofborow* v.
*Shaffer,* 29 Kan. 415; *Brown* v. *Jones,* 5 Nev. 374; *Noble* v.
*Arnold,* 23 Ohio St. 264; *Shultz* v. *Morrison,* 3 Met. (Ky.) 98;
*Steele* v. *Thatcher,* 56 Ill. 257.)

Per CURIAM.—This action is brought against the sureties
on an injunction bond to recover damages suffered by defend-

ant in the injunction suit wherein such bond was executed and delivered, by reason of the employment of counsel and other expense incurred in procuring a dissolution of the injunction. Plaintiff recovered by the verdict of the jury one hundred dollars for counsel fees, and seventy-five dollars for other expenses incurred in the injunction action. This appeal is by defendants from an order denying new trial. The specifications are that the evidence does not sustain the verdict in two respects:

1. Appellants contend that there is no evidence that plaintiff herein became liable to pay an attorney fee for services in the injunction action; but, on the contrary, the evidence does show that plaintiff's attorney in that action was employed by him, and that he performed the services which resulted in a dissolution of said injunction, and that the services were reasonably worth one hundred and fifty dollars. Defendants admit such services were worth one hundred dollars, and this amount was found by the jury therefor. These facts clearly show that plaintiff became liable for such attorney's services.

2. The verdict also gave seventy-five dollars for other expenses. The evidence in this respect, by the most liberal interpretation, shows damages not exceeding thirty-two dollars and fifty cents. The court should have required plaintiff to remit the amount of damages not warranted by the evidence, or granted a new trial.

The case is remanded, with directions to grant a new trial, unless such excessive damages are remitted.

*Remanded.*

All concur.