[No. 2896.  Decided December 27, 1898.]

MARIA A. LARSEN, *Executrix, Respondent,* v. WILLIAM WINDER, *Defendant,* EUGENE FRANCE *et al., Appellants.*

BOND FOR DELIVERY OF PROPERTY—SCOPE OF OBLIGATION—CONSIDERATION.

Although the appointment of a receiver for a partnership may have been wrongful, yet a bond given by one partner in order to obtain exclusive possession of the partnership property from the receiver is based upon a valid consideration and is binding on the obligors.

In such a case, the obligation of the bond is not weakened by the fact that it was never consented to by the partner in whose favor it was executed, since it was for the court, not for the obligee, to accept and pass upon the sufficiency of the bond.

In an action upon a bond given to secure the delivery of property in the hands of a receiver, appointed in a suit for dissolution of a partnership, to one of the partners, a judgment on the bond is not excessive because including the assets of the partnership as well as the value of the property actually delivered by the receiver, when the obligation of the bond was that the obligor should account for the value of the assets and the property of the partnership as the same might be ascertained by the court.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge.  Affirmed.

*John C. Hogan, W. H. Abel,* and *Ben Sheeks,* for appellants.

*J. C. Cross,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought in the court below by respondent, to recover against appellants as sureties upon a certain bond given in a former suit between N. P. Larsen as plaintiff and William Winder as de-

fendant. The first action was brought for the purpose of having a receiver appointed over partnership property, and to wind up the partnership existing between the plaintiff and defendant in that suit, it appearing that Winder was conducting a grocery store and that Larsen was a silent partner in the business, which was conducted in the name of William Winder. Upon the filing of the complaint a receiver was appointed, who immediately took possession of the property. Thereafter Winder took an appeal from the order appointing a receiver, a supersedeas bond was given, and, the court refusing to order the property returned to the possession of Winder, by virtue of the supersedeas bond, the bond upon which this action is brought was given by Winder. Judgment was obtained below against the sureties in this case, and the case is brought here, alleging certain errors in the trial.

It is first contended that the fact that the appointment of the receiver was held invalid by this court for the reason that no notice was given renders void the bond which was given for the purpose of recovering possession of the goods of the partnership from the receiver; that the bond was void for want of consideration, and because given under circumstances of compulsion to obtain a legal right. We do not think this contention can be sustained. If Winder had a legal right to the possession of the goods by reason of the wrongful appointment of a receiver, he could have obtained redress by a proper proceeding in this court. He gave the bond voluntarily, notwithstanding the fact that it was determined that the receiver was wrongfully appointed, and we think the consideration for giving the bond when it was given was the return of the property to Winder, and that the instruction of the court on that proposition was correct. In that connection the court instructed as follows:

" In partnership affairs neither partner is entitled to the possession of the property to the exclusion of the other, and the giving of exclusive possession of the property to one partner would be sufficient consideration for the giving of the bond, and you are instructed that if the bond sued on herein was given and delivered for the purpose of gaining exclusive possession by Winder of the partnership property, and, by reason of the giving of such bond, he did obtain exclusive possession, then there was a good consideration for the giving of the bond."

And the last instruction was as follows:

" You are instructed that as a matter of law a sufficient legal consideration for the execution and delivery of the bond now sued on arises from the delivery to Winder of the possession of the property referred to in the bond, if you believe from the evidence that the possession was obtained pursuant to the terms of the bond now sued on."

The defendant cannot be allowed to give a bond for the purpose of obtaining a relief which he does obtain by reason of giving the bond, and then escape its consequences by asserting that he was under no obligations to give it.

It is again contended that the bond was never consented to by Larsen, and the obligation was, therefore, lacking the mutuality necessary to make a binding contract, and it was error for the court to refuse to grant a verdict in appellants' favor, on that ground. This contention is utterly without merit. It was for the court, and not for Larsen, to decide whether the bond was a good and sufficient bond; and if, by reason of the bond being given, even over the objection of Larsen, the possession of the property was transferred to the giver of the bond, he will not now be heard to complain, and cannot escape the penalty imposed by the bond which he offered and which was accepted by the court.

But it is contended again that, if it should be found that the bond was valid and that the action could be maintained

upon it, the judgment is excessive, for the reason that certain items were incorporated in the judgment which were not represented in the property which was turned over by the receiver to Winder; and it is insisted that a book account amounting to $526.38, and cash overdrawn from the business amounting to $484.95, which were included in the judgment, should be excluded, and that it is patent that these items do not represent property belonging to the estate, for the reason, as alleged, that the jury in their special verdict found the value of the property delivered by the receiver to Winder to have been the sum of $1,631.86, while the judgment in this case is for $2,635.40, which includes, of course, interest from the rendering of the prior judgment in 1895. The jury did not find by a special verdict, or any verdict, the value of the assets of the partnership, but only the value of the property delivered by the receiver to Winder. This does not tend to show what the value of the assets was. Neither were the conditions of the bond limited to the value of the property delivered by the receiver to Winder. The condition of the bond was as follows:

" Now, therefore, if the said William Winder shall well and truly account for all of the assets and property of the said partnership now in his possession or under his control, or which may hereafter come to his possession or under his control; and shall hold the same subject to order of the court at all times, or shall well and truly pay the value of said assets of the said property of the said partnership to the said plaintiff, or to such other person or persons as the court may by its order or judgment direct, not exceeding in all the value of the said assets and the property of the said partnership as the same may be ascertained by the court, then this obligation to be void; otherwise to remain in full force and effect."

Thus it will be seen that the obligation is much broader than the mere question of the assets that were turned over

to Winder; that it includes an accounting for all of the assets and property of the partnership which was then in the possession or under the control of Winder, or which might thereafter come into his possession; and, further than that, the condition of the bond was that the question of the value of the assets should be determined by the court. That determination, as alleged and proved, is stated in finding two of the court in the original case, as follows:

" That the property of and belonging to the co-partnership consists of goods, merchandise, fixtures and wagon of the value of $1,200, and of book accounts (excepting partners) of the value of .$300, of book account of defendant Winder of the value of $526.38, and of cash in the hands of defendant Winder from business $484.95, and of cash in the hands of the defendant Winder from receiver $130.90, making a total value of assets of partnership $2,343.09."

This was the ascertainment of the court which was contracted for in the obligation; and the book accounts of the defendant Winder of the value of $526.38, and the cash on hand of $484.95, were certainly assets and property of the partnership within the scope and meaning of the obligation. We think the court properly instructed the jury in this regard, and that the instructions asked for by the defendant did not state the law as applied to this case.

So far as the last point which is raised is concerned—that the court committed error in instructing the jury in relation to the amount due on the judgment in the case of Larsen v. Winder—it is too late to raise that point here, for it has passed into the realm of adjudicated questions.

The judgment is affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.