[Civ. No. 1108. First Appellate District.—December 12, 1912.]

LIPPITT & LIPPITT (a Corporation), Respondent, v. AMELIA H. SMALLMAN et al., Defendants; FRANK V. BELL and MICHAEL KRAKER, Appellants.

ACTION ON BOND TO SECURE TEMPORARY INJUNCTION—DISSOLUTION AT HEARING.—An action will lie against the sureties on a bond given to secure a temporary injunction, after the temporary injunction has been dissolved at the final hearing of the injunction suit.

ID.—ORDER TO SHOW CAUSE AND RESTRAINING ORDER—ABSENCE OF RESTRAINING ORDER—SUBSTANCE OF ORDER—TITLE IMMATERIAL.— Though it appears that the original order was entitled an "Order to show cause and Restraining Order," while no restraining order was in fact issued, and the order was in the form of a citation of the defendant to appear at a time and place specified and show cause why the defendant should not be restrained from the commission of certain acts pending suit, the substance of the order is to be considered, and its title is not material.

ID.—QUESTION TO BE CONSIDERED ON ORDER TO SHOW CAUSE—CONTINU-ANCE OF INJUNCTION ISSUED.—The question to be considered, on the order to show cause, was whether the temporary injunction already issued should be continued or not, and not whether it should issue, as it had already become effective, upon the approval of the bond required to make it effective upon issuance and service upon the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt Judge.

The facts are stated in the opinion of the court.

Frank V. Bell, for Appellants.

Reuben G. Hunt, for Respondent.

KERRIGAN, J.—This is an appeal in an action brought to recover upon an undertaking given for the issuance of an injunction in a case entitled "Amelia H. Smallman et al. *v.* Lippitt & Lippitt, in which action the undertaking in question was given by the plaintiffs therein, with appellants Frank V. Bell and Michael Kraker as sureties. The prayer in that action was for a judgment enjoining and restraining Lippitt & Lippitt from procuring in a prior action a writ of assistance pending the determination and judgment of the court in the action. The judge before whom the suit was pending, in response to an application by the plaintiff therein for a temporary injunction, issued on the nineteenth day of July, 1909—the day the suit was filed—an order entitled "Order to show cause and Restraining Order," which cited the defendant to appear at a time and place specified, and show cause why it should not be "enjoined and restrained pending the determination of the above entitled action," from committing certain acts. The order further provided: "It is further ordered that pending the determination and judgment of the court in this action said defendant Lippitt & Lippitt be enjoined and restrained" from doing certain acts "upon the plaintiff giving a bond in the sum of $500."

In the present action judgment went for plaintiff in the sum of three hundred dollars and costs against defendants Bell and Kraker, who have appealed from the judgment and also from an order denying their motion for a new trial.

It is claimed by appellants that the prayer of the complaint in the action above referred to, and in which they filed the undertaking here sued upon, simply asks for a judgment for an injunction and for an order to show cause why a temporary injunction should not issue, but does not ask for a

temporary restraining order pending the hearing of the order to show cause; and in view of the fact that no injunction was ever issued in that action as asked for in the complaint, and that no such injunction or restraining order as was mentioned and referred to in the undertaking upon which this action is brought was ever issued, the plaintiff is entitled to no relief. In other words, they invoke the old doctrine of *strictissimi juris*, claiming that sureties on statutory bonds, having no personal interest in the litigation, can stand upon the express terms of their undertaking, and cannot have their liability extended beyond those terms.

We think the facts of this case do not bring appellants within the rule by them invoked.

For a clear understanding of the case a further recital of facts as alleged in the complaint and found by the court is necessary.

As before stated, on July 19th the plaintiffs in the action heretofore referred to applied to the judge for a temporary injunction, whereupon the judge issued an order which, by its terms, became operative as a temporary injunction upon the plaintiffs giving a bond in the sum of five hundred dollars. On the same day, and for the purpose of securing to the plaintiffs the benefit of this temporary injunction, the sureties executed the bond in question. On the next day, in order to have this order become operative as a temporary injunction, the plaintiffs filed the order and bond. The bond was intended to and did refer to this particular temporary injunction, and was for the amount named in the order, and was approved by the judge. The temporary injunction was served upon Lippitt & Lippitt, and remained in force until the thirty-first day of August, 1909, when upon a hearing it was dissolved.

The claim of appellants that the order made by the court was a "restraining order" and not the one contemplated by the bond cannot be maintained. No restraining order was ever granted. It is the substance of the order and not its title that determines its legal effect and significance. Whatever distinction may exist between a restraining order and a temporary injunction is not material to the issues in this case, for here there was no "restraining order." The order provided not for a restraining order that should be, upon the

giving of the bond, in force only until the hearing upon the order to show cause why a temporary injunction should not issue, but that a temporary injunction should issue upon the giving of the bond. If the order had been that defendant be enjoined and restrained until the hearing of the order to show cause, there might be under the authorities cited some merit to the contention of appellants.

Under these conditions the only question to be considered upon the order to show cause was whether the temporary injunction then in force should be continued or not, and not whether such an injunction should issue, for such injunction had already issued and was in full force and effect by reason of the giving of the bond. The defendant in the action wherein the injunction was issued was in no wise enjoined or restrained and there was nothing in force until the bond was given, and no other injunction or restraining order had ever been issued in the case. The order provided for a temporary injunction in the first instance, and the bond that was given complied exactly with the terms of the order, was executed on the same day as the order, and was the very instrument required by the court to give its order vitality. Without it, by the terms of the order, it was to have no force or effect. There can, therefore, under these circumstances, be no doubt that the parties had in mind when they executed the bond the particular injunction granted by the court. Had there been two orders restraining defendants, and some confusion as to which order the bond referred to, the cases cited by appellants would have some force.

The judgment and order are affirmed.

Lennon, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 10, 1913.