WALLACE BEATTY, APPELLEE, v. JAMES H. CASSELMAN ET AL., APPELLANTS.

FILED DECEMBER 29, 1926. No. 24304.

1. Injunction: DISMISSAL: ACTION ON BOND. The dismissal by plaintiff of an action in which he has procured the issuance of a temporary injunction gives rise to a cause of action upon the injunction bond.

Beatty v. Casselman.

2. ———: ———: EFFECT. Where a defendant in an action was enjoined from removing sand and gravel from the premises of plaintiff, and the action was voluntarily dismissed by the plaintiff, without prejudice to a future action, such dismissal does not adjudicate or determine that the defendant possessed the right to remove sand and gravel from the plaintiff's premises.

3. ———: DAMAGES. In an action upon an injunction bond, the defendant therein may plead as a counterclaim damages sustained in and growing out of the transaction which gave rise to the issuance of the injunction.

4. ———: DISSOLUTION: DAMAGES: ATTORNEY'S FEES. "The necessary and reasonable expenses for attorney's fees incurred in procuring the dissolution of an injunction wrongfully issued are recoverable as an element of damages. But when the right to an injunction is ancillary, and not the main issue in the case, such damages are limited to the expenses incurred in securing the dissolution, as distinguished from the expenses incurred in the trial of the principal issues involved." *Darling v. McBride*, 86 Neb. 481.

APPEAL from the district court for Scotts Bluff county: P. J. BARRON, JUDGE. *Reversed.*

*R. O. Canaday, Honnold & Clarke* and *Field, Ricketts & Ricketts,* for appellants.

*Mothersead & York, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

This is an action upon an injunction bond in which plaintiff recovered the full amount of the bond. Defendants appeal.

The record discloses that defendant Casselman, principal obligor on the bond, was the owner of certain lands adjacent to the Platte river, in Scotts Bluff county; that plaintiff was removing therefrom sand and gravel which he was furnishing to contractors engaged in constructing some public improvement; that a controversy arose be-

tween Casselman and plaintiff over the right of the latter to take sand and gravel from the premises of the former; that Casselman commenced an action in the district court to enjoin the plaintiff in this action from removing sand and gravel and for an accounting for that which he had theretofore removed; that Casselman procured the issuance of a temporary injunction and gave a bond of $1,000, conditioned to pay all damages which the defendant might sustain by reason of the injunction, if it were finally determined that it was wrongfully issued; that some time thereafter Casselman dismissed the action, without prejudice, and thereupon this action was brought upon the injunction bond.

In this action plaintiff averred in his petition that he was engaged in the business of furnishing sand and gravel under contract to other parties; the issuance of the temporary injunction, which interfered with the furnishing of sand and gravel under his contract; that by reason thereof he was compelled to remove his machinery to another place, at great expense, in addition to attorney's fees of $250, which he had incurred in securing the dissolution of the temporary injunction. Defendant Casselman filed an answer, in which he alleged that he was the owner of certain lands; that plaintiff had been trespassing thereon, to his damage in a considerable sum; admitted the commencement of the action by him; the issuance of the temporary injunction and the giving of the bond; averred that plaintiff was removing sand and gravel from defendant's premises without any right, and prayed for damages by reason of the trespass committed by the plaintiff. All of the allegations of Casselman's answer, relating to the removal of sand and gravel without authority so to do, and the allegations in the nature of a counterclaim for trespass were, on motion of plaintiff, stricken, and defendants denied the right to introduce evidence in support of such allegations. These rulings of the court, in part, form the basis of defendants' assignments of error.

It appears from the record that, while the temporary in-

junction was in force, Casselman leased to the United States the premises from which sand and gravel were being taken, and that plaintiff, under this lease, reentered the premises and resumed the taking of sand and gravel. In all, the plaintiff was excluded from the premises for a little more than 30 days. Apparently, the trial court adopted plaintiff's theory that the dismissal of the injunction action was a complete determination of the plaintiff's right to take gravel and sand for the full period for which he was excluded, and that he was entitled to whatever damages he had sustained by reason of being excluded for that period; also that he was entitled to recover attorney's fees incurred in the injunction action.

The rule is well established, and it is conceded by both parties to this action, that the dismissal by plaintiff of an action in which he has procured the issuance of a temporary injunction gives rise to a cause of action upon the injunction bond. *Gyger v. Courtney*, 59 Neb. 555; 10 Ency. Pl. & Pr. 1124; 32 C. J. 450, sec. 774.

While the dismissal of the injunction action, without prejudice, gave rise to a cause of action for damages on the injunction bond in favor of plaintiff, the dismissal did not, of itself, determine that plaintiff was rightfully removing sand and gravel from the particular portion of the premises described in the temporary injunction; much less did it decide he was entitled to remove sand and gravel for the period of more than 30 days. An examination of the petition in the action brought by Casselman discloses that no facts were alleged which would warrant the issuance of an injunction. The action was brought for an accounting, as well as for an injunction. The temporary injunction enjoined plaintiff in this action from only a part of Casselman's land. The voluntary dismissal of the action in which the injunction was allowed adjudicated nothing more than that the injunction was not rightfully issued. Since the dismissal did not adjudicate the right of the plaintiff in this action to remove sand and gravel from that part of the premises from which he was enjoined, it follows that the

defendants in this action were entitled to plead facts which. would show that plaintiff was not damaged by being precluded from removing sand and gravel. If plaintiff had not acquired and did not possess the right to remove sand and gravel from that part of the premises from which he was enjoined, it could not be urged that he was entitled to damages because he was enjoined from doing something that he had no right to do. Whether he was entitled to go upon the premises and remove sand and gravel and had the right so to do were questions of fact which the defendants had a right to have put in issue, and they had the right to offer their evidence upon the issues thus tendered.

It follows that the trial court erred in sustaining the motion to exclude those portions of defendant Casselman's answer in which he pleaded that plaintiff was taking sand and gravel without right or authority. If, upon a subsequent trial, the evidence shows that plaintiff was a trespasser, then we think defendant Casselman has the right to set forth in a counterclaim and recover any damages for the trespass upon the premises growing out of the transaction. It is unnecessary to require two actions to adjust the rights between these parties, when it may be done in one action. Courts look with favor upon the adjudication of all the rights of the parties in one action, when it can be properly done.

Another assignment of error relates to the allowance of attorney's fees as an item of damages. The rule applicable to this situation is correctly stated in *Darling v. McBride,* 86 Neb. 481, wherein it is said: "The necessary and reasonable expenses for attorney's fees incurred in procuring the dissolution of an injunction wrongfully issued are recoverable as an element of damages. But when the right to an injunction is ancillary, and not the main issue in the case, such damages are limited to the expenses incurred in securing the dissolution, as distinguished from the expenses incurred in the trial of the principal issues involved." As heretofore noted, the action was for an accounting, as well as for an injunction. In such case, only

attorney's fees incurred in procuring the dissolution of the injunction are recoverable. Some evidence of an expert nature was offered as to the value of such services, but no facts were proved which would form the basis for an expert opinion. In other words, there was no proof of the facts, assumed to be true, which were submitted in the hypothetical question put to the expert witness; nor is there anything in the record from which it can be determined that any motion to dissolve the temporary injunction was ever filed or submitted to the court, and it only inferentially appeared that an attorney was employed for the purpose of procuring a dissolution of the injunction.

The judgment of the district court is erroneous and is, therefore, reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.

Note—See Injunction, 32 C. J. 362 n. 52, 450 n. 87, 474 n. 92, 475 n. 98, 482 n. 4; 14 R. C. L. 475.