SHERIDAN COUNTY ELECTRIC CO-OP., INC., ET AL., APPELLANTS, v. FERGUSON, ET AL., RESPONDENTS.

No. 9011.
Submitted December 7, 1950. Decided February 17, 1951.
227 Pac. (2d) 597.

Mr. Justice Angstman dissented in part.

Messrs. Sanders, Holbrook and Cresap, Sidney, for appellants.

Mr. Vernon Hoven, Plentywood, for respondent.

Mr. Frederic P. Holbrook, Jr., argued orally.

MR. CHIEF JUSTICE ADAIR:

Sheridan County Electric Co-op., Inc., is a Montana corporation organized under Chapter 172, Laws of 1939, and engaged in supplying electricity and electrical services to certain rural areas. In improving and expanding its facilities and services to certain unserved areas and because of the lack of living accommodations for its employees,—the absence of banking facilities and the interrupted mail service at its principal place of business at Westby, Montana, the corporation's board of trustees at a regular meeting unanimously voted to move the corporation's office to Medicine Lake, Montana.

E. C. Ferguson, a minority stockholder of the corporation, objecting to the action so taken by the board, brought suit in the district court of Sheridan county against the corporation and its nine trustees for the sole purpose of obtaining an injunction to restrain and enjoin the contemplated move and on February 14, 1949, on Ferguson's *ex parte* application therefor, the district judge granted a temporary restraining order enjoining the defendant corporation and its trustees from moving any of the corporation's business records, files or office equipment and ordering the defendants to show cause on March 8, 1949, "why a permanent injunction as prayed for should not issue."

On the return day defendants by their counsel interposed a motion to dissolve the temporary restraining order and filed an affidavit and brief in support thereof whereupon the court continued the hearing to March 18th and ordered that in the meantime the temporary restraining order be continued in effect upon the plaintiff Ferguson filing a statutory bond to the effect that he "will pay to the defendants, such damages in extent of the sum of fifteen hundred and no/100 ($1,500.00) dollars as such defendants may sustain, by reason of the tem-

porary order of the Court, *if the Court finally decides* that the plaintiff is not entitled to such relief." (Emphasis supplied.)

Thereupon and on the same day Ferguson complied with the court's order and with the statute, R. C. M. 1947, sec. 93-4207, by filing a $1,500 bond executed by himself as principal and Lloyd Kittleson and Anton Nelson as sureties. The judge approved the bond and continued the restraining order in effect.

Thereafter the court reset the hearing for March 21st at which time the court made an order dissolving the restraining order but defendants were afforded no relief therefrom for immediately and on the same day the judge, on the *ex parte* application of Ferguson and his affidavit that day filed, continued the restraint imposed upon defendants by granting a further order restraining defendants from doing the same acts theretofore enjoined, continuing in effect the bond theretofore given and requiring that they appear on April 12, 1949, "to show cause, if any they have, why a temporary injunction as prayed for should not issue."

On April 12th, the return day, the court on motion of defendants' counsel, ordered the temporary restraining order dissolved and assessed $50 costs against Ferguson who, nine days later, served and filed a notice of appeal from the order of dissolution.

On May 11, 1949, Ferguson, by written praecipe filed with the clerk of court, dismissed his action against the defendant corporation and its trustees.

Thereafter Sheridan County Electric Co-op. Inc. and its trustees brought this action against Ferguson as principal and his sureties, Kittleson and Nelson, on the injunction bond executed by them to recover damages resulting from the wrongful issuance of the injunction alleging loss in excess of $1,500 for the time, trouble, travel expense, counsel fees and expenses of counsel in procuring the dissolution of the restraint imposed. In their answers Ferguson and his sureties denied that plaintiffs

had sustained any damages and as affirmative defenses pleaded that Ferguson, the principal, received no consideration for the bond and that he and his sureties were discharged from all liability thereunder by the payment by Ferguson of $100 costs assessed by the court in its order of dissolution.

A jury was impanelled to try the issues and testimony and documentary evidence was introduced by plaintiffs at the conclusion whereof the court granted defendants' motion for nonsuit and rendered judgment of dismissal from which judgment the plaintiff corporation and its trustees have appealed.

The injunction bond which Ferguson and his sureties executed is that provided for in R. C. M. 1947, section 93-4207, which provides that it be conditioned "to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, *if the court finally decide that the plaintiff was not entitled thereto.*" (Emphasis supplied.)

No cause of action arises upon the injunction bond until it is *finally determined* that the injunction ought not to have been granted and both the bond and the statute so provide.

The final determination may be by a final judgment of the court or something equivalent thereto but after such final determination the sureties are bound thereby.

Ferguson having appealed from the court's order of April 12th dissolving the temporary restraining order, such order of dissolution had not become final. Such was the situation on May 11th when Ferguson dismissed his injunction suit against the corporation and its trustees. However, by his act in dismissing his suit, Ferguson abandoned his appeal and admits that he is not entitled to the injunction. Thus on May 11th and not before was it *finally decided* that the plaintiff Ferguson was not entitled to the injunction. That a dismissal of the suit in which the temporary restraining order issued constitutes a final adjudication that plaintiff was not entitled to such injunction order thereby making the sureties liable, see Davidson Grocery v. United States Fidelity & Guaranty

Co., 52 Idaho 795, 21 Pac. (2d) 75; Beech v. United States Fidelity & Guaranty Co., 54 Idaho 255, 30 Pac. (2d) 1079, 92 A. L. R. 264; Harlow v. Mason, 98 Kan. 353, 157 Pac. 1175; Kennedy v. Liggett, 132 Kan. 413, 295 Pac. 675.

It is immaterial whether the final decision is accomplished without a trial on the merits, Stewart v. Miller, 1 Mont. 301, or by a voluntary dismissal of the action, Stearns on Suretyship, 4th Ed., p. 340, n. 114; Yale v. Baum, 70 Miss. 225, 11 So. 879; Wilshire Mortgage Corp. v. O. A. Graybeal Co., 41 Cal. App. 2d 1, 105 Pac. (2d) 966, or merely by dismissal of the complaint, Moore v. Maryland Casualty Co., 100 Cal. App. 658, 280 Pac. 1008; Johnson v. Howard, 167 Miss. 475, 141 So. 573; Beatty v. Casselman, 115 Neb. 104, 211 N. W. 617; American Exchange Nat'l Bank v. Goubert, 135 App. Div. 371, 120 N. Y. S. 397. Compare Lippitt & Lippett v. Smallman, 20 Cal. App. 595, 129 Pac. 956; De Berard v. Prial, 34 App. Div. 502, 54 N. Y. S. 534; Whitehead v. Tulane, 11 La. Ann. 302.

The measure of damages in an action on the injunction bond is the amount which will compensate for all the detriment proximately caused by the injunction during the time it is operative, or which in the ordinary course of things, would be likely to result therefrom. R. C. M. 1947, sec. 17-301; McDermott v. American Bonding Co., 56 Mont. 1, 5, 179 Pac. 828.

At the trial F. P. Holbrook, Esq., appearing as a witness for the plaintiffs herein, testified that he and his associates in the practice of law had represented the corporation and its trustees in procuring dissolution of the injunction orders and that in so doing they made a trip to Westby on March 15th and a trip to Plentywood on March 21st at an expense of $32.70 for which amount they were reimbursed by plaintiffs and that for the professional services rendered by counsel, to and including March 21st in procuring dissolution of the restraint so imposed, they made a charge to plaintiffs herein of $1,700. Such evidence stands undisputed in the record and it made out a prima facie case of liability against the principal and his

sureties. Hatch v. National Surety Corp., 105 Mont. 245, 72 Pac. (2d) 107.

Upon motion for nonsuit or directed verdict the evidence ▉▉ must be viewed from the standpoint most favorable to plaintiff and every fact must be deemed proved which the evidence tends to prove. Gilligan v. City of Butte, 118 Mont. 350, 360, 166 Pac. (2d) 797. No case should ever be withdrawn from a jury when reasonable men might draw different conclusions from the evidence. Nangle v. Northern Pac. Ry. Co., 96 Mont. 512, 523, 32 Pac. (2d) 11. It was fatal error for the trial court to grant the nonsuit herein.

It was likewise prejudicial error for the trial court to exclude ▉ plaintiffs' offered evidence as to damages sustained through the continued restraint imposed upon them to and including April 12th by reason of the restraining order granted by the district judge on March 21st. There was not a single day from February 14th to April 12th that the corporation and its officers were not restrained by court order issued at the instance of the plaintiff Ferguson. Such restraint, though wrongful, was continuous and as efficient under the socalled temporary restraining orders as it would have been if effected through any other form of injunction. While the injunction suit never progressed beyond the temporary restraining order stage yet Ferguson's purpose was to procure the permanent injunction for which he prayed in his complaint.

In Miles v. Edwards, 6 Mont. 180, 183, 184, 9 Pac. 814, 816, this court said: "In Prader v. Grim, 13 Cal. [585] 587, an order was issued requiring the defendants to show cause, August 29, 1856, why an injunction should not issue pursuant to the prayer of the complaint. 'In the mean time' the defendants were enjoined. Nothing with reference to the preliminary order was done until September 20th, when a new bond was required. October 10th the restraining order was dissolved. In an action upon the bond evidence was offered and refused of damages sustained subsequently to August 29th, and prior to September 20th. The refusal of such evidence was held to be

error. The vitality of a restraining order is not limited necessarily, or even usually, by the date mentioned in it.''

Where, as in Ferguson's suit, the sole purpose of the action ██ was to obtain injunctive relief, then after dissolution of the injunction and upon final adjudication counsel fees are recoverable for defense of the entire suit. Miles v. Edwards, supra; Creek v. McManus, 13 Mont. 152, 32 Pac. 675; McDermott v. American Bonding Co., supra. See, 164 A. L. R., p. 1099, Annotation III a. Compare: City of Helena v. Brule, 15 Mont. 429, 39 Pac. 456, 852; Montgomery v. Gilbert, 24 Mont. 121, 60 Pac. 1038.

The fact that the person suing on the bond became obligated ██ for attorney's fees in the injunction suit is sufficiently shown by proof that he employed an attorney who procured a dissolution of the injunction and of the reasonable value of his services. Cook v. Greenough, 14 Mont. 352, 36 Pac. 357. It is immaterial whether the counsel fees have been paid or merely incurred,—in either event they are recoverable. Plymouth Gold Min. Co. v. United States Fidelity & Guaranty Co., 35 Mont. 23, 29, 88 Pac. 565, 10 Ann. Cas. 951; McDermott v. American Bonding Co., supra. Also see: Richardson Lubricating Co. v. Bedell, 209 Mo. App. 238, 237 S. W. 192, 195; Littleton v. Burgess, 16 Wyo. 58, 91 Pac. 832, 16 L. R. A., N. S., 49.

Damages sustained by a defendant during the interval between the issuance of the temporary restraining order and the giving of the bond are recoverable, Alaska Improvement Co. v. Hirsch, 119 Cal. 249, 47 Pac. 124, 51 Pac. 340, as well as the damages suffered up to the time of the final dissolution of the restraint imposed. Moore v. Lachmund, 59 Or. 565, 117 Pac. 1123; Mason v. United States Fidelity & Guaranty Co., 60 Cal. App. 2d 587, 141 Pac. (2d) 475.

The bond here involved is that contemplated by and provided for in R. C. M. 1947, section 93-4207. By signing the bond the defendants contracted with reference to the above statute and their contractual liability is determinable by the terms of the bond and the provisions of the statute and thereunder reason-

able expenses are recoverable, including attorney's fees and costs of procuring the dissolution of the temporary restraint imposed from February 14th, the date of the commencement of such restraint, to the date of the final determination of the injunction suit by the dismissal thereof on May 11th. Compare Foster v. Royal Indemnity Co., 83 Mont. 170, 175, 271 Pac. 609; Miles v. Edwards, supra; Mason v. United States Fidelity & Guaranty Co., supra.

The contention that the principal Ferguson received no consideration for the bond is without merit. A bond executed pursuant to and in substantial compliance with the provisions of a statute needs no consideration. State v. Paxton, 65 Neb. 110, 90 N. W. 983; Mason v. United States Fidelity & Guaranty Co., supra. Compare R. C. M. 1947, sec. 13-510. Likewise a bond executed in response to a discretionary order of the court is not void for want of consideration. Whereatt v. Ellis, 103 Wis. 348, 79 N. W. 416, 74 Am. St. Rep. 865; Larsen v. Winder, 20 Wash. 419, 55 Pac. 563. Nor on a dissolution of the injunction does the acceptance by the defendant therein of the statutory costs taxed effect a waiver of his right to recover counsel fees as damages on the injunction bond. Steel v. Gordon, 14 Wash. 521, 45 Pac. 151; State ex rel Citizens' Nat'l Bank v. Graham, 68 W. Va. 1, 69 S. E. 301.

Where as here the principal had the benefit of the injunction order and accepted the terms imposed as to the condition of the bond, both he and the sureties were bound thereby. American Exchange Nat'l Bank v. Goubert, supra; Mason v. United States Fidelity & Guaranty Co., supra.

On this appeal defendants have assigned cross specifications on the overruling of their demurrer to the complaint,—the denial of their motion to make the complaint more definite and certain,—the denial of their motion for a bill of particulars and the overruling of their objection to the introduction of any evidence. At the outset defendants appeared in the action by filing a general demurrer to the complaint and simultaneously therewith filed a motion for a bill of particulars. The court

overruled the demurrer and denied the motion whereupon defendants filed a motion to make the complaint more definite and certain and such motion was denied.

The filing by defendants of their demurrer to the complaint constituted a waiver of any and all defects in the complaint attackable only by motion. By filing such demurrer defendants are deemed to have waived not only their right to object to the claimed defects in the pleading, but also to have waived the defects themselves, if any there be. State ex rel. Bingham v. District Court, 80 Mont. 97, 257 Pac. 1014, 1015; State ex rel. Westlake v. District Court, 118 Mont. 414, 427, 167 Pac. (2d) 588, 591, 163 A. L. R. 911. Compare Paramount Publix Corporation v. Boucher, 93 Mont. 340, 19 Pac. (2d) 223; Beale v. Lingquist, 92 Mont. 480, 15 Pac. (2d) 927, 929; Cooke v. Myers, 86 Mont. 423, 283 Pac. 1114, 1115; Hogevoll v. Hogevoll, 117 Mont. 528, 538, 162 Pac. (2d) 218; Krinsky v. Stevens Coal Sales Co., 309 Mass. 528, 36 N. E. 2d 411, 414; Walker v. Burkham, 63 Nev. 75, 161 Pac. (2d) 649, 165 Pac. (2d) 161.

The statute expressly provides that uncertainty of averment in the pleading can be reached by special demurrer. R. C. M. 1947, sec. 93-3301, subd. 7. See Herbst Importing Co. v. Hogan, 16 Mont. 384, 387, 41 Pac. 135; Adams v. Durfee, 67 Mont. 315, 318, 215 Pac. 664; State v. Silver Bow Refining Co., 78 Mont. 1, 22, 252 Pac. 301.

Had defendants desired to challenge the complaint on the grounds that it is ambiguous, unintelligible or uncertain, such challenge could have been included in their demurrer. R. C. M. 1947, sec. 93-3301, subd. 7. Both the motion for a bill of particulars and the motion to make more definite and certain were properly overruled.

The complaint sufficiently states a good cause of action for damages occasioned by the wrongful granting of the injunction in the suit wherein the bond was given, City of Helena v. Brule, supra, and it follows that defendants' demurrer and their objection to the introduction of the evidence, both

predicated upon the claimed insufficiency of the complaint, were wholly lacking in merit.

Defendants' motion for nonsuit purports to have been based on twelve separately stated "grounds." Not only is there no merit in any of the "grounds" stated but many are merely idle and frivolous, but nonetheless vexatious, contentions.

Our Codes, R. C. M. 1947, sec. 93-4201 to 93-4216, inclusive, govern the issuance of injunction orders. There are three kinds of such orders, namely, (1) "restraining orders," (2) "temporary injunctions" and (3) "perpetual injunctions."

Any order which requires a person to refrain from a particular act for any period of time, no matter what its purpose, is an "injunction." This applies to a "restraining order." R. C. M. 1947, sec. 93-4201; Labbitt v. Bunston, 80 Mont. 293, 260 Pac. 727, 730.

A "restraining order" is an interlocutory order issued upon an application for an injunction and generally made without notice to the opposite party and intended only as a restraint upon him to preserve the status of the matters in litigation until a hearing on an order to show cause may be held and concluded and the propriety of granting a "temporary injunction" can be determined. Compare Rea Bros. Sheep Co. v. Rudi, 46 Mont. 149, 159, 127 Pac. 85; Wetzstein v. Boston & M. Consol. Copper & Silver Min. Co., 25 Mont. 135, 63 Pac. 1043, 1044.

In a suit for a perpetual injunction, a "temporary injunction" is merely an ancillary writ or provisional remedy which the plaintiff is at liberty to apply for or not as he desires and it is generally issued on notice and after hearing, its only object being to maintain the status quo until plaintiff may have opportunity for a trial of his suit on the merits. Unless sooner dissolved it is effective until final hearing on the merits.

A "permanent" or "perpetual injunction" is in no sense a provisional remedy. It issues as a judgment which finally settles the rights of the parties after final determination of all the issues raised.

Ferguson's injunction suit terminated before it had entered into either the ''temporary injunction'' stage or the ''permanent injunction'' stage. However the court's restraining orders subjected the defendants therein to continuous restraint from February 14th to April 12th inclusive.

In the early case of Miles v. Edwards, supra, 6 Mont. at pages 184-187, 9 Pac. at pages 817-818, this court said: ''What has already been said is sufficient to indicate that the life of a restraining order, in the language of the one under consideration, has no specific term of existence. If it is desirable to terminate its existence, the place of its birth must also be the scene of its death. In courts such orders have their beginnings and their ends. To put courts in motion, some action, by motion or otherwise, must be taken by parties or their attorneys.''

Again: ''A little reflection * * * convinces [one] that the mere fact that the respondent was present by counsel to resist the continuance of the restraining order may have deterred the appellants from every effort for a continuance, and induced them to dismiss without contest. Were such the fact, and the contrary does not appear, than it was a 'cause' for compensating respondent's attorneys, imposing upon respondent a moral and a legal liability, which, being discharged, constitutes an element of damages against which the bond undertook to protect him.

''The point which appellants seem most persistently to press is that the bond given was to protect against damages arising from the temporary restraining order, and that attorney's fees cannot be recovered for anything done in resisting a final injunction. * * * The theory and argument of appellants is that the temporary or preliminary restraining order, and the final restraining order, are separate and distinct things; and that proof of the value of attorney's services, and the amount thereof paid in the case generally, leaves it uncertain what amount was earned and paid separately upon the preliminary injunction and the final injunction, and therefore nothing can be recovered. The distinction is without a difference. The purpose

of the action was to procure an injunction of one thing. At first it was wholly procured, though but for a limited time. By the terms of the preliminary order the parties were as fully enjoined 'until the hearing' as by any final order they could have been enjoined. It cannot be claimed that if the preliminary order was in force 'until the hearing,' that its efficacy ceased when the hearing began, because the object of the hearing was to determine whether the order was rightfully made; and until the end of the hearing that point could not properly be determined. It, then, was essential and proper that throughout the entire hearing the rights of respondents should be represented and protected by counsel. Before a full and final hearing the only possible judgments that could have been given were for the continuance or the cessation of the restraint imposed by the preliminary order. The uncontradicted testimony is that the $300 paid for attorneys' fees was paid for attorneys' services in doing 'whatever pertained to said order, for preventing an injunction from issuing, and getting rid of the order issued.'

"The respondents were bound to appear at the hearing, and to remain until the hearing closed. It was proper that they should be represented throughout by counsel. It was right that they should pay their attorneys. It is just that they should recover from the appellants the amount so paid if the services were necessary and the price was reasonable. The very terms of the bond are to 'pay to said defendant (respondent) any and all damages he may sustain by reason of said order, or the issuing thereof.' * * * Here, so far as appears, no services were rendered for which compensation was made and damages claimed, except about the injunction.'' To like effect see Mason v. United States Fidelity & Guaranty Co., supra.

The judgment is reversed and the cause remanded with directions to grant plaintiffs a new trial.

MR. JUSTICES METCALF, BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANGSTMAN, (concurring in part and dissenting in part):

I agree that a new trial should be had because plaintiff submitted ample proof to make out a prima facie case for damages sufficient to take the case to the jury.

I disagree with that part of the majority opinion which holds that recovery may be had for damages accruing after March 21, 1949. That was the day when the restraining order for which the bond was given was dissolved. That is the day when it was finally determined that Ferguson was not entitled to the restraining order for which the bond was given. The restraining order in question was issued on February 14, 1949, and an order to show cause set the matter for hearing on March 8th.

On March 8th the court entered an order continuing the hearing on the motion to dissolve the temporary restraining order until March 18th and continuing the restraining order in effect until that time upon plaintiff Ferguson furnishing a bond in the sum of $1,500 to the effect that he pay to defendants, plaintiffs herein, such damages as they may sustain by reason of the temporary restraining order if the court finally decided that he was not entitled to such relief.

The bond was approved by the court on March 8th. It recites: "Whereas the above named plaintiff has commenced an action therein in the District Court of the State of Montana, in and for the county of Sheridan, against the above-named defendants, and an order to show cause and a temporary restraining order in said action against said defendants, enjoining and restraining them and each of them from the commission of certain acts as in said complaint filed in said action are more particularly set forth and described:

"Whereas on the 8th day of March, 1949, an order was issued by the Court, requiring the plaintiff to furnish a bond in the sum of fifteen hundred and no/100 ($1,500.00) dollars,

"Now, therefore, we E. C. Ferguson, as principal, and Lloyd Kittleson and Anton Nelson, as sureties, in consideration of the premises and for the issuance of said restraining order, do

jointly and severally, undertake in the sum of fifteen hundred and no/100 ($1,500.00) dollars, and promise to the effect that the said plaintiff will pay to the said parties enjoined such damages, not exceeding the said sum of fifteen hundred and no/100 ($1,500.00) dollars, as such defendants may sustain or incur, by reason of said restraining order, if the said court finally decide that the plaintiff was not entitled thereto."

Pursuant to a stipulation signed by counsel for the respective parties the court on March 15th vacated the hearing for March 18th and reset the hearing for March 21st.

On March 21st an order was entered reciting that the matter "having this day regularly come before me for hearing upon the motion of the defendants to vacate and dissolve the temporary injunction heretofore granted in this action, and the plaintiff through his counsel joining in the motion of the defendants, and the court being fully advised in the premises finds that said motion ought to be granted.

"It is hereby ordered that said temporary injunction be and the same is hereby vacated and dissolved, and assessing costs against plaintiff in the sum of $50.00."

That was a final determination that plaintiff Ferguson was not entitled to the restraining order for which the bond was given. That order was made with his consent and hence he was in no position to appeal from the order and did not attempt to do so.

On March 21st Ferguson filed his affidavit pursuant to R. C. M. 1947, section 93-4205, for the issuance of another and a different temporary restraining order. On that day an order to show cause was issued setting the matter for hearing on April 12th and pending the hearing and as a part of the order to show cause a temporary restraining order was issued.

On April 12th a counter-affidavit was filed and on that day an order was entered dissolving the temporary restraining order issued on March 21st and assessing costs of $50 against plaintiff Ferguson.

The general rule is that sureties have the right to stand on

the letter of their bond. Bunston v. Labbitt, 84 Mont. 585, 277 Pac. 419; Maier v. Luce, 61 Cal. App. 522, 215 Pac. 399. This court may not extend their liability beyond the plain wording of the bond. It cannot rewrite the bond.

I think the court properly construed the bond as limiting the liability of the sureties to damages accruing prior to March 21st, the day when the court dissolved the restraining order for which the bond was given. The court in my opinion properly limited proof of damages to those accruing prior to and until March 21st when the restraining order was dissolved. The court might well have continued the first restraining order in effect until final determination of the action, in which case the bond liability would have continued. Bunston v. Labbitt, supra; and see, Bentley v. Joslin, 30 Fed. Cas. page 963, No. 18,232.

But here the restraining order of March 8th for which the bond was given was dissolved. An entirely new restraining order was made based upon a new and different foundation, viz., upon an affidavit pursuant to R. C. M. 1947, section 93-4205. "When an injunction is dissolved, it cannot be revived except by a new exercise of judicial power." 28 Am. Jur., Injunctions, sec. 321, p. 493.

Defendants' obligation under the bond of March 8th was limited by its terms to damages for the restraining order then in effect and continued only until it was finally determined that the plaintiff Ferguson was not entitled thereto.

Their obligation was not affected by the fact that there was filed an affidavit on which a new restraining order was issued. Irwin v. Morrow, 19 Ala. App. 115, 95 So. 496. The case of Houghton v. Meyer, Postmaster General, 208 U. S. 149, 28 S. Ct. 234, 236, 52 L. Ed. 432, is analogous.

There a temporary restraining order was issued on May 31, 1902, and a bond was given.

On March 10, 1903, the cause was heard and a perpetual restraining order was issued and no mention was made in the order of the temporary restraining order and no further bond

was required. On appeal the decree of March 10th was reversed.

It was sought to hold the sureties on the bond for damages covering the period until the reversal of the judgment on appeal. The court pointed out that the restraining order was merely to preserve the status quo until the motion for temporary injunction could be heard.

The court said: "But we do not think the case can be decided upon conjecture as to what bonds might have been required. We must determine the case upon the liability of the principals and sureties on the bond which was actually given.

"When the parties gave this undertaking, the court, exercising its discretion, had required that the restraining order should be upon condition that bond be given to secure the defendant against loss because of this temporary restraint.

"It is true that the restraining order was, by its terms, to be in force until 'further order,' to be made, if at all, after hearing. Neither party brought on for hearing the pending motion for a temporary injunction. When the further order was made nothing was said of the restraining order. A new and permanent injunction in favor of the plaintiffs was granted. This decree necessarily superseded the restraining order, and it expired by the limitation contained in its terms, and there was no further liability on the bond, given only to secure that order."

The court concluded by saying: "It is not necessary for us to decide whether further and other security might not have been required under equity rule 93, or otherwise, as a condition of continuing the injunction after final judgment. What we determine is that this undertaking was authorized and given in pursuance of sec. 718, Revised Statutes, and should be construed accordingly. The District court of appeals should have sustained the order of the supreme court of the District, declining to assess any damages on the bond, except for the period from the time the bond was approved until March 10, 1903, the date of the decree in the court of original jurisdiction."

The only difference between this case and the Irwin Case

is that in the Irwin Case the temporary restraining order was not expressly dissolved, but the court held it was necessarily superseded. Here the restraining order was expressly dissolved and the order of March 21st based upon the affidavit clearly superseded the order of March 8th for which the bond was given. The authorities relied on in the majority opinion holding that damages may be recovered for the entire period of the restraint are all cases in which the temporary restraining order remained in effect until final hearing and decision on the merits. None of them fits the facts of this case.

The case of Miles v. Edwards, 6 Mont. 180, 9 Pac. 814, 815, so strongly relied upon in the majority opinion is readily distinguishable.

There the restraining order required the respondent to appear before the judge ''on the twenty-third day of July, A. D., 1884, to show cause, if any he has, why he should not be enjoined * * * and in the meantime, and until the hearing of this order, said defendant * * * be enjoined and restrained''. It was there contended that the restraining order died on the day of the hearing.

All that the court held, and I think properly, was that the restraining order was in effect until there was a decision of the court after the hearing. In other words, the court held that the phrase ''until the hearing'' meant more than the beginning of the hearing and in fact comprehended a decision after hearing. Here the order and the bond fixed the duration of the restraint not until the hearing but until such time as it is finally determined that plaintiff is not entitled to the restraining order then in effect.

That determination was made when the restraining order was dissolved.

I do not agree with what is said in the majority opinion on the cross-assignments of error. As to those I think they should not be considered because they do not fall within R. C. M. 1947, section 93-8023, because if they have any merit, the judgment in favor of defendants on the merits would still not be justified

and hence the same result would not follow. If any of the cross-assignments have merit, the plaintiff still should be afforded the right to file an amended complaint.