MR. JUSTICE McDONOUGH
dissenting:
The rationale of the majority lacks consistency and ignores reality. It carves out an unlisted exception to the meaning of statutory damages as applied to attorney fees and contradicts our previous holding in Sheridan County Electric Co-op, Inc. v. Ferguson (1951), 124 Mont. 543, 221 P.2d 597. Temporary restraining orders and injunctions are extraordinary remedies and if the party obtaining such orders later loses such party should pay the winner’s damages as provided by statute. That is the statutory scheme.
There is damage to the State of Montana and the public entities. They here have adequately and with precision proved their reasonable legal costs (damages) as per hour sálaried costs. They did not include secondary costs such as pro rata costs of library, equipment, secretarial costs, rent, utilities, etc., which would be charged by private counsel. Hours billed are one way of life between attorneys and clients. To say damages based on proved hours are too remote is to close one’s eyes to the way its being done. The taxpayer, or any defendant, should not ultimately bear the cost of damages incurred in a winning defense to an extraordinary remedy, just because in-house counsel are used. Salaried attorneys do not come free. Any legislator, county commissioner, or corporate executive would affirm this statement. A number of these cases requesting declaratory injunctive relief are now and have recently been before this Court.
The message of the majority is that a public entity, a private person or corporation should not use in-house counsel in a defense to an injunction, because only the charges of outside counsel will be reimbursed as statutory legal damage if one prevails. This is so even though outside counsel’s charges in all likelihood will be computed *139 on an hourly basis and in some instances their employment would be costly and inefficient. I would reverse the District Court.
MR. JUSTICE HARRISON and MR. JUSTICE WEBER concur in the foregoing dissent.