VICTOR HARTFORD, LESTER HARTFORD and STEVE MINTYALA, Plaintiffs and Respondents, v. DONALD E. HARVEY and MARGARET A. HARVEY, Defendants and Appellants.

No. 10717.

Submitted on Briefs March 10, 1964. Decided May 7, 1964.

391 P.2d 882.

DeKalb, Mondale & Johnson, Lewistown, for appellants.

J. E. McKenna and Donald Ronish, Lewistown, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an order of the district court of the tenth judicial district denying the appellants' motion to dissolve an injunction.

This controversy arose out of the following set of facts. About September 13, 1961, the appellants and the respondents entered into an oral agreement whereby the appellants granted to the respondents the exclusive use of an abandoned railway cut situated on their land for use as a garbage dump for the city of Lewistown. The term and provisions of this lease are the matters in controversy, however they are not determinative in this appeal.

Sometime shortly after October 1, 1962, the appellants here commenced an action in justice court for unlawful detainer claiming that they had leased the land to respondents for one year and that the respondents were now holding over. By such action the appellants sought treble rent, damages, and eviction of the respondents. The respondents then on December 21, 1962, filed an action in the district court against the appellants. The complaint in that action prayed for specific performance of the oral contract, damages, and for a temporary restraining order staying the action in the justice court.

On December 26, 1962, the district court entered an order denominated "Temporary Restraining Order," which ordered the appellants to be "restrained from pursuing said unlawful detainer action in Justice Court, until the final determination of this action, and that said Justice Court action be, and the same is hereby stayed." Appellants moved to dissolve the temporary restraining order on January 4, 1963. This motion to

dissolve was submitted to the lower court on briefs and on September 11, 1963, it was denied. It is from the denial of this motion that the appellants appeal.

The sole question presented by this appeal is whether the lower court erred in refusing to dissolve the injunction issued on December 26.

It should be noted, first of all, that although this injunction was denominated a "Temporary Restraining Order" by the lower court, clearly it was not. As this court pointed out in the case of State ex rel. Public Service Commission v. District Court, 103 Mont. 563, 566, 63 P.2d 1032, 1033: "The fact that it is referred to as a 'temporary restraining order' does not make it so. 'Whether an order is a restraining order or a temporary injunction must be determined from its form and substance. The restraint which the order purports to impose and not the name given to it determines its true name and character.' 32 C.J. 28." The order of the district court in this case restrained the appellants from pursuing their unlawful detainer action in justice court "until the final determination of this action." Thus it is obvious that this injunction is not a temporary restraining order as such has been defined in the case of Sheridan County Electric Co-Op., Inc. v. Ferguson, 124 Mont. 543, 554, 227 P.2d 597, 603. In that case a temporary restraining order was defined as "an interlocutory order issued upon an application for an injunction and generally made without notice to the opposite party and intended only as a restraint upon him to preserve the status of the matters in litigation *until a hearing on an order to show cause may be held* and concluded and the propriety of granting a 'temporary injunction' can be determined." (Emphasis supplied.)

This being so, the issuance of such injunction is governed by R.C.M.1947, § 93-4203, which states in part:

"An injunction cannot be granted:

"1. To stay a judicial proceeding pending at the commencement of an action in which the injunction is demanded, unless

such restraint is necessary to prevent a multiplicity of such proceedings; * * *." However, this rule has been extended in extraordinary instances by cases which have held that such injunction may also be granted to stay pending judicial proceedings where there was some equitable circumstances of which the party could not avail himself at law. See Lutey Bros. v. Jackson, 55 Mont. 556, 179 P. 459. The respondents in this case have not attempted to argue that there are any "equitable circumstances" present in this case as would justify sustaining the injunction except insofar as these "equitable circumstances" will create a multiplicity of suits.

The respondents have argued that the injunction prevents a multiplicity of suits, which they say arise because the justice court is not capable of granting them the relief they have prayed for in the district court, e. g., specific enforcement of the oral contract. They contend in their brief that as a result of this they will be forced to file at least one other suit, stating that:

"Plaintiffs herein could defend said unlawful detainer action through all possible appeals and then bring a separate suit in District Court for specific performance, clearly a multiplicity of suits."

The error of their reasoning is patent, the respondents are arguing that they should be granted an injunction to prevent a multiplicity of suits which they themselves have created or threaten to create. This cannot be done if we are to maintain the integrity of the justice courts. If we were to countenance such practice, then defendants could remove all lawsuits filed in justice court by this simple procedure.

The case is returned to the district court with direction to dismiss the injunction.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, ADAIR and DOYLE concur.